JAMES DILLON, Respondent, *v.* TRUSTEES OF ST. PATRICK'S CATHEDRAL IN THE CITY OF NEW YORK, Appellant.

Second Department, June 17, 1921.

Workmen's Compensation Law — when charitable corporation maintaining cemetery is engaged in business for pecuniary gain — gravedigger engaged in hazardous employment — action by gravedigger to recover for injuries received in making excavation for monument foundation — contributory negligence and assumption of risk no defense — evidence presenting question for jury as to defendant's negligence.

A charitable corporation which maintains a cemetery and which sells burial privileges and devotes the money so raised to the expenses of running the cemetery, and for religious and educational purposes, and for charity consisting primarily in providing graves for those unable to pay for them, is engaged in a business or occupation for pecuniary gain within the meaning of subdivision 5 of section 3 of the Workmen's Compensation Law.

A gravedigger, working for said corporation, who was injured while making an excavation for a monument foundation was engaged in a hazardous employment within the meaning of section 2, group 13, of the Workmen's Compensation Law.

Accordingly, in an action against the corporation it could not interpose the defense of contributory negligence and assumption of risk, for it had not secured compensation for its employees as provided in section 50 of the Workmen's Compensation Law.

It appeared that the plaintiff was injured while excavating for a foundation for a monument by the caving in of the sides of the excavation, that

shortly before the injury defendant's superintendent examined the exca-
vation and that it was the custom, sometimes, to shore up excavations
of the depth of the one in which the plaintiff was injured. On all the
evidence, *held*, that a question as to defendant's negligence in omitting
to provide for shoring up the work was presented for the jury.

APPEAL by the defendant, Trustees of St. Patrick's Cathedral
in the City of New York, from a judgment of the Supreme
Court in favor of the plaintiff, entered in the office of the
clerk of the county of Queens on the 4th day of December,
1919, upon the verdict of a jury for $3,000, and also from an
order entered in said clerk's office on the 15th day of Decem-
ber, 1919, denying defendant's motion to set aside the verdict
and for a new trial made upon the minutes.

*Timothy A. McCarthy,* for the appellant.

*George M. Curtis, Jr.* [*Moses Cohen* with him on the brief],
for the respondent.

BLACKMAR, P. J.:

The defendant is a charitable corporation which maintains
a cemetery, called the Calvary Cemetery. It sells burial
privileges and devotes the money so raised to the expense of
running the cemetery, for religious and educational purposes,
and for charity — primarily in providing graves for those
unable to pay for them.

On the 26th of April, 1918, the plaintiff, a gravedigger
in the employ of the defendant, was directed to make an
excavation for the foundation of a monument, and while so
engaged, when he had dug to a required depth of about nine
feet, the earth fell upon him and injured him severely.

The learned trial justice held that the question of con-
tributory negligence and assumption of risk were not in the
case, for it was conceded that defendant had not secured
compensation for its employees as provided in section 50 of
the Workmen's Compensation Law. The question is thus
raised whether the relations between the defendant and the
plaintiff fall within the Workmen's Compensation Law. If
they do, the charge was correct (Workmen's Compensation
Law, § 11); if not, it was erroneous.

Excavation and grave digging are classified by the Workmen's Compensation Law as a hazardous employment. (§ 2, group 13 of the law.) But compensation is provided for " employment only in a trade, business or occupation carried on by the employer for pecuniary gain, or in connection therewith." (§ 3, subd. 5 of the law.) The work, therefore, was hazardous, but was the employment in a trade, business or occupation carried on by the defendant for pecuniary gain? The employer by selling burial privileges does secure a pecuniary gain. The proceeds of the gain, however, are devoted entirely to the purposes of the cemetery and to charitable work. *Matter of Uhl* v. *Hartwood Club* (221 N. Y. 588, affg. 177 App. Div. 41) seems to hold that such an employment is within the act. The defendant in that case was a country club. It owned a piece of woodland and was accustomed to carry on forestry operations. This resulted in a profit, which was applied solely to maintaining the club for the benefit of its members. The deceased was a lumberman engaged in cutting wood for the market. It was held that the claimant, his widow, was entitled to compensation under the Workmen's Compensation Law, that the work was hazardous, that the employment was in a business carried on for pecuniary gain, and that the question of the disposition made of the gain by the defendant was immaterial. The principle underlying that decision is applicable to the pending case. The country club carried on lumbering on its premises, and it made a gain by the lumbering and devoted the money to the maintenance of the club. In this case the defendant company carries on the business of selling burial lots for gain and devotes the gain to maintaining the cemetery and to religious and charitable purposes. The work is hazardous within the definition of the statute; the employment of preparing the lots for monuments or for burial is carried on by the defendant for pecuniary gain; and it is a matter of no importance to what purpose this pecuniary gain is devoted. I, therefore, reach the conclusion that no error was made by the court in charging the jury that the question of assumption of risk and contributory negligence was not in the case.

We now approach the question whether there was negligence on the part of the defendant. In considering this we eliminate

all questions of contributory negligence and of assumption of risk. No matter how negligent the plaintiff was, no matter whether under the rule of law generally applicable he assumed the risk of his work, nevertheless if there was any negligence on the part of the defendant in properly caring for and safeguarding the plaintiff, which was a proximate cause of the injury, it is liable.

It is a well-established principle of law that the rule requiring an employer to furnish his servants with a safe place to work has no application where the employee engages in creating the place which is unsafe because of the very work that he is doing. (*McDonough* v. *Clonbrock Steam Boiler Co.,* 113 App. Div. 432; *Bertolami* v. *United Engineering & Contracting Co.,* 120 id. 192.) But this principle does not aid in solving the question under consideration, for that rule rests upon considerations of the assumption of risk and contributory negligence and sometimes upon the fact that there is no element of negligence of the defendant which enters in. (*Henry* v. *Hudson & Manhattan R. R. Co.,* 201 N. Y. 140.) The plaintiff began digging the excavation on the twenty-fourth of April, a Saturday. He was instructed to carry the excavation to a depth of nine feet. He stopped work Saturday afternoon. It rained Sunday and Sunday night, and he went back to work on Monday morning about seven o'clock. The soil was composed of loam and gravel. The superintendent of the defendant, going his rounds that morning, stopped where the plaintiff was working, because, as he said, he was considering the question whether the work was safe under the circumstances. He looked at it. It seemed to him to be safe. He asked the plaintiff, who was nearly nine feet down, whether everything was all right, and the plaintiff said," Yes." About ten o'clock the earth caved in and fell upon plaintiff, and a large stone struck him on the shoulder and injured him severely. It was the custom, sometimes, to shore up the excavation when going down to that depth, and many times during a number of years the graves had been known to cave in in the process of excavation. The superintendent of another cemetery testified that, considering the nature of the soil, it was dangerous to excavate to that depth without shoring up. A question of defendant's negligence in omitting to provide

for shoring up the work was, therefore, presented to the jury.

The judgment and order should be affirmed, with costs.

Present — BLACKMAR, P. J., MILLS, PUTNAM, KELLY and JAYCOX, JJ.

Judgment and order unanimously affirmed, with costs.