JAMES DILLON, Respondent, *v.* TRUSTEES OF ST. PATRICK'S CATHEDRAL IN THE CITY OF NEW YORK, Appellant.

**Workmen's compensation — religious corporations — cemeteries — when religious corporation, carrying on cemetery, not engaged in business for pecuniary gain within meaning of Workmen's Compensation Law — failure to provide for compensation to injured employees — action by workman employed in cemetery to recover for personal injury — erroneous holding as matter of law that questions of assumed risk and of contributory negligence were immaterial.**

1. The Workmen's Compensation Law (Cons. Laws, ch. 67) applies only in case the workman is engaged in an employment carried on by the employer for pecuniary gain or in connection therewith. (§ 3, subd. 5, § 10.)

15

2. A religious corporation which owns and carries on a cemetery, selling burial privileges therein and using the proceeds of such sales in supporting the cemetery, including the reasonable salaries of employees, in conveying graves to the poor and any balance that may remain for educational, religious and charitable purposes, but pays no salaries to trustees, pays no dividends, and does not divide profits directly or indirectly, is not engaged in a trade, business or occupation carried on for pecuniary gain within the meaning of the Workmen's Compensation Law and is not within the scope of that statute.

3. Where, therefore, in an action brought by one of its employees against such a corporation to recover for personal injuries alleged to have been sustained by him through its negligence while he was excavating the foundation for a monument in its cemetery, it appears that, though the employment was a hazardous one, the corporation had failed to protect its employees under any of the provisions of the Workmen's Compensation Law, it is error for the trial court to hold as matter of law that questions of assumed risk and of contributory negligence were immaterial under the provisions of section 11 of that law.

*Dillon* v. *Trustees of St. Patrick's Cathedral,* 197 App. Div. 201, reversed.

(Argued October 12, 1922; decided November 21, 1922.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 25, 1921, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

*Timothy A. McCarthy* and *George J. Gillespie* for appellant. Defendant is a religious corporation and its entire revenues, from whatever source derived, are devoted to religious, charitable and educational purposes. (*Collins* v. *N. Y. P. G. Medical School,* 59 App. Div. 63; *Haas* v. *Missionary Society,* 6 Misc. Rep. 281, 285; *Cunningham* v. *Sheltering Arms,* 61 Misc. Rep. 501; 135 App. Div. 178.) The provisions of the Workmen's Compensation Law do not apply to defendant. (*Richardson* v. *Greenberg,* 188 App. Div. 249; *Matter of Mulford* v. *Pettit & Sons,* 220 N. Y. 540; *Allen* v. *State,* 173 App. Div. 455;

*Bargey* v. *Massaro Macaroni Co.*, 170 App. Div. 103; 218 N. Y. 410; *Dose* v. *Moehle Lithographic Co.*, 221 N. Y. 401; *Glatzl* v. *Stumpp*, 220 N. Y. 71; *Mullin* v. *Little*, 186 App. Div. 169.)   Defendant was not engaged in a trade, business or occupation carried on by it for pecuniary gain.   (Connor on Workmen's Com. 19; *King* v. *City of New York*, 196 App. Div. 226; *Beeman* v. *Board of Education*, 195 App. Div. 357.)

*Moses Cohen* for respondent.   The defendant is an employer within the provision of the Workmen's Compensation Law.   (*Uhl* v. *Hartwood Club*, 177 App. Div. 41; 221 N. Y. 588; *Krug* v. *City of New York*, 196 App. Div. 226; *Hordern* v. *Salvation Army*, 199 N. Y. 233; *Kellogg* v. *Church Charity Foundation*, 203 N. Y. 191.) The court properly submitted the question of defendant's negligence to the jury; and under the provisions of the Workmen's Compensation Law  the question of contributory negligence was properly eliminated.   (*Pantzar* v. *Tilly Foster Iron Mining Co.*, 99 N. Y. 368; *Benzing* v. *Steinway*, 101 N. Y. 547; *Farrel* v. *City of Middletown*, 172 N. Y. 666; *Kranz* v. *L. I. R. R. Co.*, 123 N. Y. 1.)

ANDREWS, J.   The Trustees of St. Patrick's Cathedral of the City of New York is a religious corporation created under the laws of the state.   Its trustees have the custody and control of the property of the corporation and of its revenues.   They may only apply them, however, for the maintenance of the corporation or for some religious, charitable, benevolent or educational object conducted by the corporation or in connection with it or with the denomination to which it belongs.   (Religious Corp. Law [Consol. Laws, ch. 51], sec. 5.)   No trustee receives any compensation for services.

The corporation owns a tract of land in the borough of Queens which it uses for a cemetery.   This the statute permits.   (Religious Corp. Law, sec. 7.)   It sells burial

privileges therein, subject to the rules of the Roman Catholic church. The corporation uses the proceeds of such sales in supporting the cemetery, including the reasonable salaries of employees, in conveying graves to the poor and any balance that may remain in educational, religious and charitable purposes.

The respondent was employed as a laborer in this cemetery. While excavating the foundation for a monument he was injured, as has been found, because of the negligence of the appellant. This employment was a hazardous one, yet concededly the appellant had not protected him under the provisions of the Workmen's Compensation Law. The respondent elected to bring an action to recover his damages. Upon the trial the judge held as a matter of law that questions of assumed risk and of contributory negligence were immaterial. (Workmen's Compensation Law [Consol. Laws, ch. 67], sec. 11.) Under these circumstances the jury found a verdict for the respondent. Upon appeal the judgment entered on this verdict was affirmed, and a further appeal was then taken to this court.

The question before us is as to the correctness of this ruling. If the appellant was within the scope of the Workmen's Compensation Law it was right and we should affirm the judgment. The answer depends upon the meaning of section 3, subdivision 5, of the act. " ' Employment ' includes employment only in a trade, business or occupation carried on by the employer for pecuniary gain, or in connection therewith." Only in case the workman is engaged in an employment as so defined does the act apply. (Sec. 10.) Was the appellant, therefore, carrying on business for pecuniary gain?

In our opinion it was not. It owned a cemetery. In it it sold burial privileges. For them it received money. But the one fact that money is received by the employer for property sold or privileges granted is not sufficient to bring him within the definition of carrying on business

for pecuniary gain. We may concede that the regular sale of burial rights in a large cemetery to an applicant who agrees to comply with conditions imposed is a business. That is not enough. The purpose of the business must be profit. " ' Pecuniary gain' as used in the statute merely means that the employer must be carrying on a trade, business or occupation for gain." (*Matter of Mulford* v. *Pettit & Sons*, 220 N. Y. 540.)

The rule is illustrated in *Matter of Uhl* v. *Hartwood Club* (221 N. Y. 588). The club was a membership corporation owning a large tract of forest land, used by its members as a pleasure resort. On these lands it engaged in forestry and logging, selling the timber so cut by it. The proceeds of these sales might under its by-laws be divided among the members as dividends, or might be paid into the club treasury and used to diminish assessments and dues. Under those circumstances we held that it was engaged in business for pecuniary gain.

Here no such situation exists. There are no salaries, no dividends, no division of profits directly or indirectly. Substantially all sums received are used for the maintenance of the cemetery. If incidentally there is any surplus it is used for the charitable objects of the corporation. To say it is engaged in business for profit is an abuse of language.

Our discussion, however, is confined to the facts of the case before us. We attempt to lay down no general principle that will serve as a test under varying conditions. We hold that the statute only applies to a corporation engaged in a trade, business or occupation carried on for pecuniary gain and that the appellant was not so engaged.

The judgments of the courts below should be reversed and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MC-LAUGHLIN and CRANE, JJ., concur.

Judgment accordingly.