Before STATE INDUSTRIAL BOARD, Respondent.

EMILY RUGG, Claimant, Respondent, v. NORWICH HOSPITAL ASSOCIATION and Another, Appellants.

Third Department, May 2, 1923.

Workmen's compensation — findings of Industrial Board are not conclusive in absence of legal evidence — nature of business — incorporated hospital not engaged in business for pecuniary gain — Workmen's Compensation Law, § 55 (added by Laws of 1922, chap. 615), not applicable to accidents occurring prior to enactment — taking out insurance not election to become subject to Workmen's Compensation Law, under statute prior to enactment of section 55 thereof.

Findings of fact made by the State Industrial Board are not conclusive upon the Appellate Division, unless there is legal evidence supporting them.

In this case there is no evidence supporting the finding of the Industrial Board that the employer, an incorporated hospital, was engaged in business for pecuniary gain, but it clearly appears that the purpose of the hospital is not profit but charity and that all revenues are devoted to the charitable purposes of the institution.

The employer is not estopped by taking out insurance from denying that it is not engaged in business carried on for pecuniary gain, since the accident in this case occurred prior to the time when section 55 of the Workmen's Compensation Law, which was added by chapter 615 of the Laws of 1922, creating an estoppel in such a case, became effective.

The act of the employer in taking out insurance was not an election to become subject to the Workmen's Compensation Law, under the statute as it existed prior to the enactment of section 55 thereof.

APPEAL by the defendants, Norwich Hospital Association and another, from an award of the State Industrial Board, made on the 14th day of September, 1922.

*John C. Boland,* for the appellants.

*Lyon & Smith* [*Edward P. Lyon* of counsel], for the claimant, respondent.

VAN KIRK, J.:

The deceased was a landscape gardener, working for the Norwich Hospital Association. While engaged in his regular work, he injured his hand on the 28th day of April, 1920; blood poisoning developed and he died as a result of his injuries June 7, 1920. On May 16, 1921, the Commission denied an award on the ground that the employer was an eleemosynary institution not engaged in trade, business or occupation carried on for pecuniary gain. This decision was opened on account of the holding in *Dillon* v. *Trustees of St. Patrick's Cathedral* (197 App. Div. 201), which had been handed down after the denial of the claim; but again an award was denied

on the same ground as before. An appeal was taken from this decision. On the advice of the counsel to the State Industrial Board and the Attorney-General's office, a rehearing was had and additional evidence introduced. The former awards were rescinded and the case sent to the referee for determination of the wage of the deceased employee. The final award was made, from which this appeal was taken, September 14, 1922. This decision was made on the authority of *Dillon* v. *Trustees of St. Patrick's Cathedral* (197 App. Div. 201), the Board reversing its former position.

In the findings of fact is the following: " Frank J. Rugg  *  *  * was employed as a landscape gardener by Norwich Memorial Hospital, engaged in the business of operating a hospital for pecuniary gain at Norwich, New York." " The Appellate Division in the case of *Dillon* v. *Trustees of St. Patrick's Cathedral* (197 App. Div. 201) held that a similar employment was conducted for pecuniary gain, and after additional evidence had been introduced into the record, as to the character of the business conducted by the employer herein and the income and expenses of the hospital for a year prior to said injury, the State Industrial Board in the interest of justice reversed the award disallowing the claim and made an award herein." It is claimed that this finding that the employer is conducting a business for pecuniary gain is conclusive upon this court.

The finding is a conclusion and, if it does involve any element of fact, the finding is not final unless there is legal evidence supporting it. (*Kade* v. *Greenhut Co., Inc.*, 193 App. Div. 862; *Matter of Glatzl* v. *Stumpp*, 220 N. Y. 71, 75.) We think there was no evidence whatever supporting this finding of the Board. It evidently was misled by the decision in the *Dillon* case, which was reversed (234 N. Y. 225), where the Court of Appeals (p. 228) said: "' " Employment " includes employment only in a trade, business or occupation carried on by the employer for pecuniary gain, or in connection therewith.' Only in case the workman is engaged in an employment as so defined does the act apply.  *  *  *  '" Pecuniary gain " as used in the statute merely means that the employer must be carrying on a trade, business or occupation for gain.'" The certificate of incorporation of the employer shows that it is an eleemosynary institution, organized to care for sick and injured persons, and the evidence fails to show that it was carrying on a business for pecuniary gain. The certificate of incorporation shows that the purpose of the hospital is not profit, but charity, and, although revenues are received from some who are able to pay, this fact does not change the defendant's standing as a charitable institution; all of the receipts are devoted to the charitable purposes of the institution. (*Schloendorff* v. *New York Hospital*, 211 N. Y. 125, 127.)

The employer, however, has insurance and it is now urged that, having taken out insurance, it is estopped from denying that it is engaged in a hazardous business, or that its business is carried on for pecuniary gain. (Workmen's Compensation Law, § 55.) But this section was incorporated in the Workmen's Compensation Law by chapter 615 of the Laws of 1922, which took effect July 1, 1922. The liability of the employer to pay compensation is controlled by the statute in force at the time of the accident. (*Moran* v. *Rodgers & Hagerty, Inc.*, 180 App. Div. 821, 823; Gen. Const. Law, §§ 93, 110; Workmen's Compensation Law of 1922, § 129.) Before section 55 (*supra*) was enacted an employer and his employees could elect to become subject to the provisions of the law; but this employer has not so elected; the taking out of insurance is not such an election as is required. (Workmen's Compensation Law, § 2, as amd. by Laws of 1916, chap. 622, and Laws of 1917, chap. 705.)*

The decision of the State Industrial Board should, therefore, be reversed and the claim dismissed, with costs to the appellants against the State Industrial Board.

H. T. KELLOGG, Acting P. J., KILEY, HINMAN and HASBROUCK, JJ., concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.