Lincoln Memorial University *v.* Zack Sutton.

(*Knoxville*, September Term, 1931.)

Opinion filed November 14, 1931.

J. R. KETRON and WM. I. DAVIS, for plaintiff in error.

JOHN P. DAVIS and W. S. BROOK, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a proceeding under the Workmen's Compensation Act (chapter 123 of the Acts of 1919) in which there was an award in favor of the employee. The employer has appealed in error to this court.

The employer, Lincoln Memorial University, is an incorporated educational institution. It was chartered under chapter 142 of the Acts of 1875 as a corporation for the general welfare and not for profit. The university owns quite an extensive property. Among its properties is a waterworks plant, water being collected on an elevation some distance from the campus and piped to the school grounds and buildings for use there and also piped to the town of Cumberland Gap and vicinity where it is sold.

The operation of this water plant is undertaken under chapter 12 of the Acts of 1915, amending chapter 142 of

the Acts of 1875, so as to confer upon corporations like the plaintiff in error charter powers to "acquire and construct and maintain a waterworks system for the supply of water to its campus grounds, buildings and other property. If the supply of water derived by said corporation from its said plant is in excess of that needed for the purposes herein specified said corporation shall have authority to dispose of such excess, and in so doing shall not be liable to taxation as water company. *Provided, however,* that all of the monies derived by said corporation from the sale of such excess water shall be devoted to the purposes for which said corporation was organized."

While the testimony as to the manner in which this waterworks system was operated by plaintiff in error is not entirely harmonious, evidence heard by him herein authorized the trial judge to reach the following conclusions:

That about one-fourth of the water distributed was used by the university and about three-fourths sold in Cumberland Gap and vicinity; that to meet requirements of insurance companies plaintiff in error undertook the construction of another reservoir to maintain a uniform supply of water in Cumberland Gap; that reservoirs previously constructed would have insured uniformity of supply to the university proper; that the defendant in error was employed as a carpenter in the construction of this new reservoir by the plaintiff in error; and that, while engaged in such employment, the defendant sustained injuries, arising out of and in the course of said employment, for which he sues.

A statement filed by plaintiff in error shows that its revenue from water sold was something over $100 a

month. It appears that the revenue so received about pays the expenses of operating the water plant. Separate pipes carry the water from the reservoir, one pipe to the university grounds, and one pipe to Cumberland Gap.

(1) It is urged on behalf of plaintiff in error that, as an eleemosynary institution, it is not subject to the provisions of the Workmen's Compensation Act. Compensation Acts in Massachusetts and New York, and other States have been held not to include corporations, such as the one before us, as employers. *Zoulalian* v. *New England Sanatorium and Benev. Asso.*, 230 Mass., 102, L. R. A. 1918F, 185, 119 N. E., 686; *Dillon* v. *St. Patricks Cathedral*, 234 N. Y., 225, 137 N. E., 311. See, however, *Taylor* v. *St. Paul's Universalist Church* (Conn.), 145 At., 887.

Much depends on the language of the particular Act construed. Section 2 of chapter 123 of the Acts of 1919 (the Tennessee Compensation Act) defines employer rather broadly, and section 6 of that Act enumerates exceptions. Whether a corporation, such as plaintiff in error, is to be ordinarily excepted from the operation of chapter 123 of the Acts of 1919 is a question that we expressly reserve. We are satisfied the trial judge correctly held, in the case before us, that the statute was applicable.

This court recognizes the so-called trust theory and holds that in ordinary cases a charitable corporation is not liable in tort for the negligence of its servants. *Abston* v. *Waldon Academy*, 118 Tenn., 24, 11 L. R. A. (N. S.), 1179; *Wallwork* v. *City of Nashville*, 147 Tenn., 681. The idea is that the tolerance of such liabilities might eventuate in the destruction of the char-

ity and discourage donors, to the detriment of the public welfare.

■ However, in *Gamble* v. *Vanderbilt University,* 138 Tenn., 616, it was held that such a corporation was liable for the negligence of its servants in the operation of a building owned as an investment, said building not being strictly part of the educational plant . In that case negligent operation of the elevator in an office building belonging to Vanderbilt University was charged, whereby a tenant of the building received injuries.

We think that *Gamble* v. *Vanderbilt University, supra,* is controlling here. The reservoir, in the construction of which the employee was injured, was being constructed to insure the uniform delivery of water to customers in Cumberland Gap. The sale of water was undertaken by plaintiff in error for profit, just as the office building was operated by Vanderbilt University for profit. Each enterprise was conducted for income. Neither effort immediately touched educational work.

For the reasons stated, we conclude that if the injuries of the employee herein had been occasioned by a breach of common-law duties owed him by plaintiff in error, the employee would have had his action at law. The Compensation Act covers such cases whether there was negligence on the part of the master or not.

In the court below it was directed that this award be paid only out of the income of the waterworks, the property of plaintiff in error generally being held exempt from execution on this account. This is somewhat narrower security than the court suggested might be available in *Gamble* v. *Vanderbilt University, supra,* but, as there is no complaint from the employee, the judgment below is affirmed with costs.