HAMMOND POST No. 3, INC., AMERICAN LEGION, *v.* WILLIS *et al.*

(*Knoxville,* September Term, 1942.)

Opinion filed October 10, 1942.

Dodson & Dodson and Hale & Minter, all of Kingsport, for appellants.

R. E. Armstrong, Jr., of Kingsport, and Vines, Hawkins & Bryant, of Johnson City, for appellee.

Mr. Justice Prewitt delivered the opinion of the Court.

On October 21, 1941, the appellee, Hammond Post No. 3, Incorporated, American Legion, filed its bill in the

Chancery Court of Sullivan County against Sarah Venus Willis, George Q. Willis, R. A. Armstrong, and D. A. Vines, appellants, and sought an injunction restraining the defendants from causing an execution to be issued upon certain judgments rendered by the Court of Appeals,[1] *certiorari* being denied by this court,[1] to enforce a judgment of $5,000 arising out of an action for personal injuries by which Mrs. Willis was seriously injured "in a swing" operated by appellee at a carnival, and that a declaratory judgment be entered that all of appellee's property is devoted to charitable purposes and not subject to execution, and that the rights of the parties be fixed and a temporary injunction issue.

Appellants filed a motion to dismiss, which was overruled, and they then filed a demurrer, which was also overruled, and the chancellor in his discretion allowed an appeal at this time.

Appellants have assigned in all ten errors, all of which go to the question of whether the property of the American Legion Post can be legally levied upon and subjected to the payment of the judgment.

The charter of the Post, among other things, provides:

"The general purpose and object for which this corporation is formed is to engage in and carry on all functions and business of an American Legion Post, and to operate, engage, employ, carry on and hire all lawful amusements, games, entertainments, carnivals, swimming pool and concessions, and all other things and means which may be considered necessary or desirable to further the purposes of this corporation, and to make a charge for same and receive pay therefor, and to use the proceeds derived therefrom for the carrying on of said

---

[1]Not designated for publication.

business and for such charitable and philanthropic purposes and undertakings as may be desired and authorized by this corporation, and to make all contracts or other instruments, and acquire, own, hold and dispose of, all property, real and personal, or rights thereto, and to do all other acts and things necessary or incident to carry out the object and purposes and business of an American Legion Post and of this corporation.''

The assets of appellee and the manner acquired are covered by a statement in the original bill as follows:

''Complainant owns no real estate. Its only property is the carnival equipment before mentioned, plus such sums as it has accumulated from the operation of such carnival. It has no funds derived from other sources. It claims that all of its property is devoted to charitable purposes, and is, therefore, exempt from or not subject to levy and sale under execution.''

Appellee claims that it has distributed funds to various organizations and persons as follows: Flood relief, swimming pool to City of Kingsport, the widows' and orphans' funds of the American Legion, Christmas baskets, crippled children's hospital, high school band, gifts for children, play grounds, etc.

It will be noted that the latter part of the paragraph quoted from the above charter provides, ''and to use the proceeds derived therefrom for the carrying on of said business and for such charitable and philanthropic purposes and undertakings as may be desired and authorized by this corporation.''

In the former suit for damages the opinion of the Court of Appeals is, in part, as follows:

''The eighth and fourteenth assignments are directed to the action of the court in refusing to permit defendant to plead and prove that it is an eleemosynary corporation

organized for the purposes of charity. Defendant was permitted to show, in the absence of the jury, that it is a non-profit corporation and has made donations from its funds to charity, including a donation to flood relief, the purchase of uniforms for the Kingsport High School Band and the distribution of baskets to the needy. The proof shows, however, that, while these commendable and worthwhile activities are carried on by defendant, it has on hand approximately $2,500.00 which has not been devoted to charity and may be, by appropriate action of the corporate officers, devoted to any purpose which they may see fit except to make a profit for the stockholders. The funds which come into its treasury, in other words, are not charged with a trust for the benefit of charity. It may be expended for the pleasure and convenience of the members of the organization, invested in real estate, or otherwise disposed of as the corporation may deem proper. The judgment, as entered, specifically provides that no trust funds, held by defendant for charitable purposes, may be seized in satisfaction of the judgment.

"Plaintiff was not a recipient of charity at the hands of defendant and we think the court properly held that the plea tendered by defendant and the proof offered in support do not constitute a defense to the present action. The principles involved have been too recently considered to require extended treatment here. See *Baptist Memorial Hospital* v. *Couillens*, 176 Tenn., 300, 140 S. W. (2d), 1088; *Vanderbilt University* v. *Henderson*, 23 Tenn. App., 135, 127 S. W. (2d), 284.

"We think the limitation contained in the judgment affords all the protection to which defendant is entitled and the assignments directed to the action of the court in striking defendant's pleas and in declining to allow

defendant to introduce proof in support of said pleas are overruled.''

It was provided in said judgment of $5,000 that no funds held in trust should be taken for the satisfaction of the judgment.

So, then, the question here is whether any part of the funds belonging to the Post may be subjected to a tort judgment.

It is conceded by appellee that appellants had a right to bring the suit in question and that no question is raised about the judgment against it. This question has been before this court in various phases in several of our reported cases, and the rule seems to be in this state that where a tort action may be maintained in such cases no judgment is recoverable out of strictly trust property, but exceptions have been made where the so-called charitable or eleemosynary corporation has funds or property other than are earmarked as trust property and property operated where it is only remotely connected with the purposes of the corporation.

It is said in *Gamble* v. *Vanderbilt University,* 138 Tenn., 616, 633, 200 S. W., 510, 514, L. R. A. 1916C, 875:

''Furthermore, we do not mean to hold that any judgment that may be recovered can be levied upon or collected out of the university grounds or buildings, or any property therein or thereon located capable of use for the conduct of the charity. The declaration shows that there is ample property aside from the university grounds and buildings out of which may be realized any judgment likely to be recovered. It should be noted that in this class of cases the court will not permit judgment to be rendered when it is apparent there is no property out of which it can be collected. *Abston* v. *Waldon Academy, supra* [118 Tenn., 24, 102 S. W., 351, 11 L. R. A.

(N. S.), 1179]. Even after judgment the court will restrain any effort to subject the property of the charity not liable to execution because of its exempt character. *Fordyce* v. *Woman's Christian National Library Ass'n,* *supra* [79 Ark., 550, 96 S. W., 155, 7 L. R. A. (N. S.), 485]."

■ In *Tri-State Fair* v. *Rowton,* 140 Tenn., 304, 308, 204 S. W., 761, 762, L. R. A., 1918F, 657, it was said:

"On the contrary, the Gamble case demonstrates that the immunity is not always grantable to a corporation which is, broadly speaking, one which administers charity; the true test being whether in the given case it may be deemed to be acting in the promotion of its charitable design."

In the instant case it should be borne in mind that there was no gift of a founder for the perpetual distribution of bounty to beneficiaries. The beneficiaries of the bounty held came as a result of the activities of the appellee and its members and their resulting decision to place it at the hands of charity or otherwise as it sees proper.

■ In *Baptist Memorial Hospital* v. *Couillens,* 176 Tenn., 300, 140 S. W. (2d), 1088, 1091, in an opinion by Mr. Justice CHAMBLISS commenting on the rule in other states denying immunity to charitable trusts against torts of their servants, it was said:

"However, we are constrained to abide in principle by the rule which this Court has followed since *Abston* v. *Waldon Academy,* 118 Tenn., 24, 102 S. W., 351, 11 L. R. A. (N. S.), 1179, and which is followed by the overwhelming majority of the Courts in other jurisdictions, and adopted in the recent 'Restatement of the Law of Trusts',—that a beneficiary of a charitable trust may not subject the trust property to the satisfaction of his

claim for tort based on the negligence of its servants. . . . But we feel justified by previous holdings in this State (for example, *Gamble* v. *Vanderbilt University, supra,* where an office building was operated for profit) and by modern conditions prompting a changing public policy, in restricting this immunity to such property only as is directly and exclusively used in the operation of the trust, as distinguished from that incidentally held and employed in the effort to earn or provide funds for carrying on the work of the trust.''

██ Various reasons have been given for the immunity granted charitable institutions. As said by Chief Justice GREEN in *Lincoln Memorial University* v. *Sutton,* 163 Tenn., 298, 43 S. W. (2d), 195, 196: ''The idea is that the tolerance of such liabilities might eventuate in the destruction of the charity and discourage donors, to the detriment of the public welfare.''

██ Applying the above principle to the instant case, we are of opinion that the funds or property of appellee not earmarked by a donor, but where derived from the operation of a business or concession incidental to its main object, are subject to levy and appropriation for judgments as the result of tort.

It results that the decree of the chancellor will be reversed and the bill dismissed.