**PONCA CITY WELFARE ASSOCIATION,**
**Petitioner,**

v.

**Phyllis LUDWIGSEN and the Workers' Compensation Court, Respondents.**

**No. 80732.**

Supreme Court of Oklahoma.

Oct. 11, 1994.

As Corrected Oct. 12, 1994.

---

H.W. Nichols, Jr. and Katresa J. Riffel, Looney, Nichols, Johnson & Hayes, Oklahoma City, for petitioner.

Fred L. Boettcher and Walt Brune, Boettcher & Brune, Ponca City, for respondent.

SUMMERS, Justice:

Today we must decide whether a salaried employee of a non-profit, charitable organization is entitled to workers' compensation benefits in Oklahoma. Claimant was injured moving heavy cans of food for distribution to the needy. Respondent defends by asserting that the Workers' Compensation Act at § 3(5) includes only activity done by an employer "for pecuniary gain." Respondent is correct. We must reverse the order of the Workers' Compensation Court and vacate the award.

■ The Ponca City Welfare Association is incorporated under the laws of Oklahoma as a non-profit corporation. It distributes food to needy families. It has a Board of Directors which is in charge of the organization. Claimant Phyllis Ludwigsen was its sole salaried employee. She performed daily tasks for the Association, such as shelving food, and also solicited contributions. On December 6, 1990, Ludwigsen hurt her back when she lifted a case of canned goods. It turned out that she had suffered a ruptured disk, and her doctor recommended surgery. She was unable to return to work after May 1, 1991.

The Worker's Compensation Court awarded her temporary total disability benefits. In so holding the court held that the Association was subject to the terms of the Worker's Compensation Act. The Association requested a hearing before a three-judge panel. There the trial court's ruling was upheld. The Association appealed and the Court of Appeals affirmed.

Title 85 O.S.1991 § 3(5) defines employment covered by the Workers' Compensation Act as follows:

> "Employment" includes work or labor in a trade, business, occupation or activity carried on by an employer *for pecuniary gain* or any authorized voluntary or uncompensated worker rendering services as a fire fighter, peace officer or civil defense worker. (Emphasis added)

The Association urges that because it is organized as a non-profit charitable corporation set up to distribute food to needy families, it is not a business carried on for pecuniary

gain. Ludwigsen, on the other hand, urges that as part of her job she solicited funds from donors, and that this suffices to make the business one for pecuniary gain.

Claimant Ludwigsen also points out that the disjunctive "or" in the second line of the section separates "occupation" from "activity carried on by an employer for pecuniary gain". She argues that she was clearly at work in an occupation, and is thus covered even if the activity was not for pecuniary gain. We can not read the statute to say that. The clause "carried on by an employer for pecuniary gain" refers simultaneously to "a trade, business, occupation or activity." This argument fails, and we must proceed to determine whether the employer/Association carried on its business or activity "for pecuniary gain."

The record shows that the Association is a non-profit corporation who receives its funding through private and church donations, the United Way, and Energy Aid. These funds are in turn used to purchase food for distribution and to pay expenses, such as the salary of Ludwigsen and miscellaneous office expenses. The sole purpose of the organization is to collect food for the food bank and distribute it to needy families. On occasion, the organization also gives rent assistance to families. The president of the board of directors testified that the organization did not carry workers' compensation insurance because they had been advised by the United Way that, as a non-profit organization, it was not required.

Oklahoma's history of workers' compensation shows that the "for pecuniary gain" language has long been part of our statutory law. While many states have done away with this requirement[1], the Oklahoma legislature has never seen fit to do so, not even in its thorough statutory overhaul of 1978. Oklahoma, like several other states, has continued to statutorily exclude businesses not for pecuniary gain from coverage by workers' compensation laws.[2] Others have limited the "pecuniary gain" type of exemption to include only a narrower class of organizations.[3]

1. *See* Ariz.Rev.Stat.Ann. § 23–901 (1991) (excludes from coverage certain categories of volunteer workers); Ill.Rev.Stat. Ch. 820, § 1(a)(2) (Smith–Hurd 1991) (specifically includes non-profit organizations within the coverage of workers' compensation statutes); Minn.Stat.Ann. § 176.011 (1991) (specifically excludes from coverage only certain workers who are uncompensated). *See also Hoppmann v. Workers' Compensation Appeals Bd.*, 226 Cal.App.3d 1119, 277 Cal.Rptr. 116 (6th Dist.1991) (relying on state statues, court holds a church responsible for workers' compensation benefits); *Wright v. Fowler*, 459 N.E.2d 386 (Ind.Ct.App.1984) (relying on Indiana statutes, court held that workfare persons working for a non-profit organization were included within workers' compensation statutes after 1983 amendments); *Victory Baptist Temple v. Industrial Comm'n*, 2 Ohio App.3d 418, 442 N.E.2d 819 (1982) *cert. denied* 459 U.S. 1086, 103 S.Ct. 568, 74 L.Ed.2d 931 (1982) (court held that the statute did not specifically exclude churches from application of workers' compensation laws so churches were within the boundaries of the law); *Greenway Baptist Church v. Industrial Comm'n*, 130 Ariz. 482, 636 P.2d 1264 (Ct.App.1981) overruled in part, 136 Ariz. 158, 665 P.2d 40, 46 (1983) (court held that a church was within the worker's compensation statutes because statute did not require that the business be a profit sharing venture); *Fulton–DeKalb Hosp. Authority v. Gaither*, 241 Ga. 572, 247 S.E.2d 89 (1978) (Georgia statues include all business corporation regardless of profit because the statutes were amended to delete the profit requirement); *Pfeil v. Worthington Lady Elks Lodge No. 2287*, 260 N.W.2d 576 (Minn.1977) and *Farnam v. Linden Hills Congregational Church,* 276 Minn. 84, 149 N.W.2d 689 (1967) (nothing in Minnesota statutes exempt charitable organizations not for pecuniary gain); *Gardner v. Trustees of Main Street Methodist Episcopal Church of Ottumwa*, 217 Iowa 1390, 250 N.W. 740 (1933) (Iowa statutes originally exempted organization not carried on for pecuniary gain, but amended the laws to do away with this exemption).

2. *See* N.Y. Workers' Compensation Law § 2(5) (McKinney 1991) (specifically excludes from coverage businesses not for pecuniary gain); *See also Dewey v. Merrill*, 124 Idaho 201, 858 P.2d 740 (1993) (employer was not liable for benefits because business not for pecuniary gain); *Linskey v. Lind*, 94 Idaho 788, 498 P.2d 1261 (1972) (employer was not in the business for pecuniary gain and thus was not responsible for benefits).

3. Some of such states, however, have placed limitations on the exemption. Cal.Labor Code § 3352 (West 1991) (excludes from coverage employees working for charitable organizations for sustenance only); Fla.Stat.Ann. § 440.02(3) (West 1991) (excludes from coverage those persons working for charitable organizations and are compensated for expenses only); Me.Rev. Stat.Ann. tit. 39, § 2(5) (1991) (charitable or non-profit organizations are excluded from workers' compensation laws unless they obtain insur-

In *Carpenters & Joiners Local Union No. 1060 v. Garmes*, 199 Okl. 399, 186 P.2d 836 (1947) a carpenter was injured in the construction of a building to be used primarily as a meeting place for the Union. It was the only building the Union had ever constructed. We concluded that the employer Union was a non-profit labor organization, organized for the benefit of its members, and that construction of the building was not carried on for pecuniary gain. The injured worker's award of compensation was vacated on appeal. *See also Amerada Petroleum Corp. v. Vaughan*, 200 Okl. 226, 192 P.2d 639 (1948); *Skelton v. Abbott*, 346 P.2d 939 (Okla.1959); *Carper v. Brandon*, 195 Okl. 192, 156 P.2d 623 (1945); *Standard Savings & Ln Ass'n v. Whitney*, 184 Okl. 190, 86 P.2d 298 (1938); *Harris v. Wallace*, 172 Okl. 349, 45 P.2d 89 (1935); *Meyer & Meyer v. Davis*, 162 Okl. 16, 18 P.2d 869 (Okla.1933).

Our Court has not defined the term "pecuniary gain" as used in § 3(5). This part of our Act was taken from the Workmens' Compensation Act of New York. *Meyer & Meyer v. Davis*, 18 P.2d at 870. In *Dillon v. Trustees of St. Patrick's Cathedral*, 234 N.Y. 225, 137 N.E. 311 (1922) the church owned a cemetery which sold burial privileges. An employee was injured excavating the foundation for a monument. The highest court in New York recognized that the church received money for burial privileges, but went on to say:

"That is not enough. The purpose of the business must be profit. Pecuniary gain as used in the statute means that the employer must be carrying on a trade, business or occupation for gain." *Id.* at 229, 137 N.E. at 312.

The Court then observed that most of the money received in the cemetery operation went for maintenance, and if incidentally there was surplus, it went to the charitable objects of the church. Its conclusion was that the religious corporation in operating a cemetery was not conducting a business for pecuniary gain.

In recent years, our Court has continued to acknowledge, without full discussion, the legislatively-mandated requirement of the employer's pecuniary gain. *See Brown v. Burkett*, 755 P.2d 650, 652 (Okla.1988) (discussing the fact that the business was not conducted for pecuniary gain); *Murphy v. Chickasha Mobile Homes, Inc.*, 611 P.2d 243, 245 (Okla.1980) (holding that the pecuniary gain test was not determinative when the issue was who was the principle employer); *Atkinson Enterprises v. District Court of Oklahoma*, 516 P.2d 541 (Okla.1973) (pecuniary gain test is relevant to determine whether the employer is within the workers' compensation act but is not relevant in determining whether a general contractor is secondarily liable). In these cases, we noted that business activity for pecuniary gain is still a criteria when the issue is whether the employer falls within the boundaries of the workers' compensation statutes.

Ludwigsen cites *Denbo v. Roark*, 196 Okl. 386, 164 P.2d 977 (1946) as authority for her assertion that the Association is liable for her workers' compensation benefits. There, the respondent Farmer's Union Mutual Insurance Company was responsible under an insurance policy for damage to a building by a tornado. The policy provided that the insurer could rebuild the building or pay the amount of loss. The insurer chose to rebuild. The claimant was injured in the process of reconstructing the building. The insurer was set up as a non-profit cooperative

ance); Miss.Code Ann. § 71–3–5 (1991) (employers not included within the workers' compensation statutes are charitable, religious and non-profit organizations); Mo.Ann.Stat. § 287.090(5) (Vernon 1991) (volunteers working for tax-exempt organizations who are not paid wages are not included under the workers' compensation laws); *Spokane Methodist Homes, Inc. v. Dept. of Labor and Industries*, 81 Wash.2d 283, 501 P.2d 589 (1972) (charitable organizations are not included within workers' compensation statutes; however, later amended to include only those employees of such organizations which are paid

full-time employees); *Caughman v. Columbia Y.M.C.A.*, 212 S.C. 337, 47 S.E.2d 788 (1948) (legislature must specifically include charitable organizations because it is presumed that the legislature knew the common law rule of non-liability when enacting the workers' compensation statutes). *Monteleone v. Center Storage Warehouses*, 68 N.Y.S.2d 369 (N.Y.S.Ct.1946) (organization which did not operate for pecuniary gain could nevertheless be included under workers' compensation statutes which expressly provided that a company could "opt" into the system by obtaining insurance).

association, mainly to benefit its members and avoid certain taxes. Some of its profits were distributed to its customers. Surpluses not so distributed were taxable to the company. We held that as an employer the insurer was responsible for workers' compensation benefits, because the construction was the fulfillment of a contractual responsibility owed to the insured by the insurer. Although set up as a non-profit organization the business furnished insurance for which it had charged premiums. It is undeniable that the company aspired to a profit which could then be rebated to its happy customers. We thus held it was operated for pecuniary gain.

 The question in the current case is not determined by whether the organization is set up under Oklahoma law as non-profit. Rather, the language of Section 3(5) requires careful analysis as to whether the activity was operated for the purpose of pecuniary gain. "Pecuniary" is defined as monetary, or relating to money. "Gain" is defined as profits, the difference between receipts and expenditures. *Blacks Law Dictionary* 4th Ed. pp. 1288, 807; *Stanton v. Zercher*, 101 Wash. 383, 172 P. 559, 563 (1918). We agree with New York that to be conducted for pecuniary gain the purpose of the business must be profit. *Dillon, supra,* 234 N.Y. at 228–29, 137 N.E. at 312. (It is not necessary to find that the business actually *makes* a profit on the transaction. *Denbo, supra; Dewey v. Merrill,* 124 Idaho 201, 858 P.2d 740, 744 [1993].)

We find our case to be distinguishable from *Denbo.* Unlike the insurance company in *Denbo* which was performing a service owed because of a contractual obligation incurred by receipt of premiums from the insured, the Ponca City Welfare Association achieves no pecuniary gain from the distribution of food to the needy. The Association operates solely for the good of the community. There is no evidence that it operates for the purpose of profit. Solicitation and receipt of contributions by a charitable organization do not constitute activity carried on for pecuniary gain under the Oklahoma statute.

In so holding we do not overrule *Denbo.* We agree with its logic and conceive of other situations in which the organizational status "non-profit" is not descriptive of the purpose of organization. *Denbo* stands for the proposition that a company organized as a non-profit cooperative association may furnish services in return for pecuniary gain. *See Bilbrey v. Chastain,* 459 P.2d 608, 611 (Okla. 1969).

While we realize that several states, through their legislatures, have amended their statutes to allow workers' compensation benefits regardless of whether the business operates for profit or pecuniary gain, Oklahoma's legislature has not done so. As the Attorney General noted in Opinion No. 79–218, the retention of the "pecuniary gain" requirement appears "strangely inconsistent with the concept of universal coverage toward which the legislature has been moving...." Other states have narrowed the language in their workers' compensation statute to provide protection to those truly charitable, volunteer operations, while permitting compensation benefits to full-time paid employees of other organizations under limited circumstances. *See* Mo.Stat.Ann. § 287.090(5); cases cited in footnote 3. Nevertheless, our legislature has left the early language intact, and we must presume that the legislature intends for it to be the law. *See Humphreys v. Denney,* 757 P.2d 833 (Okla.1988) (the intent of the legislature is the guiding force in statutory construction); *Moore v. Hayes,* 744 P.2d 934 (Okla.1987) (statutes should be interpreted to give every word meaning and not render a phrase nugatory); *Robison v. Ray,* 637 P.2d 108 (Okla. 1981) (statutory construction requires that every phrase be given meaning).

We vacate the Workers' Compensation Court's award of benefits, and remand for proceedings consistent with this opinion.

LAVENDER, V.C.J., and SIMMS, HARGRAVE, ALMA WILSON and KAUGER, JJ., concur.

HODGES, C.J., concurs in result.

OPALA and WATT, JJ., dissent.

OPALA, Justice, dissenting.

Because the claimant, when injured, was engaged in an activity that was furthering the employer's efforts of charitable *fundraising*, and was hence engaged in contributing to the employer's "pecuniary gain", I would deny certiorari and let the opinion by the Court of Appeals, Division I, stand as this court's precedential pronouncement. The charitable immunity from liability under the Workers' Compensation Act, 85 O.S.1991 §§ 1 et seq., crafted by today's opinion to exclude from coverage an entire class of eleemosynary corporations, has no warrant in the statutory text—it is laid down by judicial *fiat*.