## MEYER & MEYER et al. v. DAVIS et al.

No. 24002. Opinion Filed Jan. 31, 1933.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

Dan Nelson and Thad L. Klutts, for respondents.

OSBORN, J. This is an original proceeding to review an award made by the State Industrial Commission in favor of the respondent John D. Davis, employed by Meyer & Meyer, one of the petitioners herein. The petitioners contend that the Commission was without jurisdiction to make the award for the reason that the employment of claimant did not come under the Workmen's Compensation Act.

The record shows that Meyer & Meyer operate a funeral home in the city of Norman, Okla. It appears that at the time of the injury claimant was engaged in painting and decorating the woodwork in the building occupied by the funeral home, and that prior to his injury he had cleaned and replaced the putty in some of the windows; that while painting the woodwork around one of the windows, a ladder slipped, and he fell about 18 or 20 feet to a cement sidewalk, fracturing his arm and wrist, and straining some ligaments in his hip.

On July 6, 1932, after hearing, the Commission entered an order finding that claimant was engaged in a hazardous employment subject to and covered by the provisions of the Workmen's Compensation Act and awarded compensation on the basis of temporary total disability.

It is conceded that the business of operating a funeral home does not come within the provisions of the Workmen's Compensation Law and is not defined as a hazardous employment by section 13349, O. S. 1931. It is contended, however, that painting a building is embraced within the terms of the act, but, under the view we take, it is unnecessary for us to determine this question. The respondent further contends that the award should be sustained on account of the rule laid down in several cases heretofore decided by this court, as follows: Sunshine Food Stores v. Moorehead, 153 Okla. 301, 5 P. (2d) 1066, and Svoboda v. Brooking, 132 Okla. 290, 270 P. 575, and Harbour-Longmire-Pace v. State Industrial Commission, 147 Okla. 207, 296 P. 456.

In these cases the principal business of the employer was classified as nonhazardous; however, claimants were allowed to recover for the reason that incidental to the principal business, the employer was engaged in another business classified as hazardous, and the particular injuries were sustained in connection with such hazardous employment.

We believe the rule is correct and that the cases above cited have correctly followed the rule, but under the facts in the instant case such rule has no application.

Subsection 5, section 13350, O. S. 1931, in defining the term "employment," as covered by the Workmen's Compensation Act, provides as follows:

" 'Employment' includes employment only in a trade, business or occupation carried on by the employer for pecuniary gain."

In the case of Sunshine Food Stores v. Moorehead, supra, employer was operating a retail meat market, which is a nonhazardous employment, but as a part of the business the market was equipped with certain power-driven machinery. The court held that, since machinery was used in the meat market, the same became a workshop and therefore a hazardous employment within the Workmen's Compensation Act. It will be noted that the machinery was used as a part of the business carried on by the employer for pecuniary gain.

In the case of Svoboda v. Brooking, supra, employer was operating a blacksmith shop, and in connection therewith was engaged in the business of buying and selling coal, sand, cement, and crushed rock and other building material, and was operating a concrete mixing machine. Claimant was injured while using the concrete mixing machine. It is clear that the employment in which claimant was engaged at the time of his injury was hazardous and was being operated by employer for pecuniary gain.

In the case of Harbour-Longmire-Pace v. State Industrial Commission, supra, employer was operating a retail store, which is a nonhazardous employment, but in connection therewith the employer operated a factory wherein curtains and draperies were fabricated and in which power-driven machinery was used. Claimant was allowed to recover for the reason that the factory operated as an incident to the business was a hazardous employment. It is also apparent that the factory was operated for pecuniary gain.

In the instant case the firm of Meyer & Meyer was engaged in the operation of a funeral home, carrying on a general undertaking business, which is conceded to be a nonhazardous employment. In order to sustain the award of the Commission it must be shown that the painting, decorating, and repairing of the windows of the building was an employment, not only hazardous, but was also being carried on by the employer for pecuniary gain. In this connection the proof has wholly failed.

This distinction runs through all of the authorities. The case of Maryland Casualty Co. v. Stevenson, 143 Okla. 285, 288, P. 954, involved an injury sustained by claimant while in the employ of the Lincoln Park Golf Club Company. The sole question involved therein was whether or not the Golf Club Company was engaged in a business, trade or occupation carried on for pecuniary gain. After a discussion of the facts, the court held:

"The claimant herein is not included within the Workmen's Compensation Act of this state because his employer, the Lincoln Park Golf Club Company, was not en-

18

gaged in a trade, business, or occupation carried on for pecuniary gain."

A large portion of the Oklahoma Workmen's Compensation Act is taken from the Workmen's Compensation Act of New York. Subsection 5, section 3, chapter 705, Laws of New York 1917, provides:

" 'Employment' includes employment only in a trade, business, or occupation carried on by the employer for pecuniary gain or in connection therewith, except where the employer and his employees have, by their joint election, elected to become subject to the provisions of this chapter as provided in section 2."

The New York authorities have very carefully followed the distinction between the casual employment and employment for pecuniary gain. See Alterman v. A. I. Namm & Son, 179 N. Y. S. 584; also, Solomon v. Bonis, 167 N. Y. S. 676.

We believe that this rule is founded upon justice and expresses the intentions of the Workmen's Compensation Act. If the award in the instant case is sustained and the view of the respondent adopted, it would necessarily follow that any citizen, regardless of his business or profession, would come under the Workmen's Compensation Law, in the event he desired to have his home painted, papered, plastered, or repaired in any manner, provided he employed two or more men to do the work. Such was not the intention of the law-making body. In the enactment of the statute above quoted, it intended that the Workmen's Compensation Act should apply only to industries, plants, factories, lines, occupations, or trades specified and enumerated in the act, which were being operated and carried on as a business for pecuniary gain.

The order granting the award is vacated, with directions to dismiss the cause.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, BAYLESS, and WELCH, JJ., concur. BUSBY, J., absent.