**HARRIS v. WALLACE et al.**

No. 25649.    May 21, 1935.

Clay M. Roper, for petitioner.

McCaffrey & Scanland, for respondents.

BAYLESS, J. This is an original proceeding instituted in this court by V. V. Harris, employer, who will be referred to hereinafter as petitioner, to review an award of the Industrial Commission in favor of Roy Wallace, employee, hereinafter called claimant.

The record discloses that petitioner is an attorney at law; that he owned and operated two apartment houses in Oklahoma City which he desired to repair and remodel; that claimant was employed to paint and redecorate the interior of the apartments, and, while so engaged, received an injury to his knee. The Commission, after hearing the evidence, entered an order finding that claimant was engaged in a hazardous employment, subject to and covered by the provisions of the Workmen's Compensation Act (O. S. 1931, sec. 13348, et seq.) and awarded compensation on the basis of temporary total disability.

Petitioner seeks to have this award vacated on two jurisdictional grounds: (1) That the evidence fails to disclose that petitioner had two workmen employed at the time of the injury; and (2) that the kind of business he was engaged in at the time of the accident was of a nonhazardous character and not covered by the provisions of the Workmen's Compensation Law of this state. Under the view we take, it is not necessary for us to dispose of the first proposition.

In support of petitioner's second proposition it is contended that the rule of law announced by us in the case of Meyer & Meyer v. Davis, 162 Okla. 16, 18 P. (2d) 869, is controlling upon the instant case. In discussing the case of Meyer & Meyer v. Davis, supra, we said:

"In the instant case the firm of Meyer & Meyer was engaged in the operation of a funeral home, carrying on a general undertaking business, which is conceded to be a nonhazardous employment. In order to sustain the award of the Commission, it must be shown that the painting, decorating, and repairing of the windows of the building was an employment, not only hazardous, but

was also being carried on by the employer for pecuniary gain. In this connection the proof has wholly failed."

In holding that claimant did not come within the provisions of the Workmen's Compensation Act, we further said:

"Where an employer is engaged in a non-hazardous business, and employs some one to perform labor for him of a hazardous nature as an incident to such nonhazardous business, but not in the conduct of same for pecuniary gain, such employee, if injured, does not come within the provisions of the Workmen's Compensation Act, for subsection 5 of section 13350, O. S. 1931, provides: ' "Employment" includes employment only in a trade, business, or occupation carried on by the employer for pecuniary gain.' "

The facts in the case of Meyer & Meyer v. Davis, supra, being almost identical with the facts herein, we hold that the rule of law announced therein is controlling.

Claimant seeks to distinguish the instant case from the Meyer & Meyer v. Davis Case, supra, on the ground and for the reason that he has established by sufficient proof that his employer (petitioner herein) was engaged in the painting of apartments for a pecuniary gain. Claimant concedes that if the apartments in question had been petitioner's home, such business as he was engaged in would not be for pecuniary gain as far as the petitioner was concerned. But, since the proof shows that petitioner owned the apartments and was renting them to the public for the purpose of gain, and that this repair work was necessary to make said apartments more attractive to prospective tenants, that petitioner was engaged in the business of painting and repairing the apartments for a pecuniary gain within the contemplation of the Workmen's Compensation Act. With this contention we cannot agree. The claimant is not logical in the argument which he makes. It is true that the petitioner operates the apartment houses for pecuniary gain, and in the painting and repairing of these apartments he is acting in furtherance of his effort to acquire pecuniary gain; but, under these circumstances, the operation of an apartment house is not a hazardous occupation.

For the reasons above stated, the award of the Industrial Commission is vacated.

McNEILL, C. J., OSBORN, V. C. J., and PHELPS and CORN, JJ., concur