## STANDARD SAVINGS & LOAN ASS'N v. WHITNEY et al.

No. 26918.   Dec. 6, 1938.

Rehearing Denied Jan. 17, 1939.

Shirk, Danner & Earnhart, for petitioner.

C. D. Lewis and the Attorney General, for respondents.

BAYLESS, V. C. J. Standard Savings & Loan Association, a corporation, engaged in the business of making loans on real estate security, became owner, through foreclosure proceedings, of a number of residence properties located in the city of Okmulgee, Okla. Thereafter said association entered into an agreement with one O. R. Hisel, by the terms of which Hisel was to make such repairs as in his judgment were necessary to put the buildings on said properties in a good state of repair, and to furnish therefor at his cost the necessary materials and workmen. In respect to the extent of the repairs and the method, means, or procedure in the accomplishment, Hisel was to be free to proceed in accordance with his own ideas, without any supervisory direction or control on the part of the association. He was to receive as compensa-

tion for performing the undertaking an amount equaling the cost of the materials and labor plus 5 per centum. In carrying out the undertaking, Hisel omitted to secure payment of injury disability compensation to his employees in any of the ways provided for in the Workmen's Compensation Law of this state. He hired one E. R. Whitney, along with a number of other workmen, to perform the manual work or labor connected with making the repairs. And Whitney, while so engaged, in the course of and arising out of said employment, sustained an accidental personal injury resulting in an inguinal hernia. Thereafter Whitney filed with the State Industrial Commission an employee's first notice of injury and claim for compensation. And thereafter, after hearings had, the commission made the following findings:

"1. That on the 21st day of December, 1933, claimant was in the employ of O. R. Hisel, an independent contractor for the Standard Savings & Loan Company, and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date he sustained an accidental injury, arising out of and in the course of his employment, consisting of a strain resulting in a left inguinal hernia. 2. That the average daily wages of the claimant was at the time of the accidental injury $4.80 per day, making his weekly rate of compensation $18 per week."

And thereupon the commission ordered:

"That * * * O. R. Hisel, being primarily liable and the Standard Savings & Loan Company being secondarily liable, pay to the claimant herein, the sum of $144 being 8 weeks' compensation at the rate of $18 per week. and tender claimant an operation and the necessary medical and hospital expenses to correct said hernia due to said accidental injury."

Thereafter Standard Savings & Loan Association commenced this action for review of the aforementioned award. Hisel does not seek a review of said award.

That E. R. Whitney sustained an injury resulting in disability compensable in accordance with the provisions of the Workmen's Compensation Law is well established in the record. And the commission's award of compensation therefor as against O. R. Hisel is not challenged in this proceeding. But we are called upon to determine whether in the premises the commission acted with authority in adjudging Standard Savings & Loan Association liable for payment of said award.

It was conclusively established by the evidence adduced before the commission that throughout, and in relation to the undertaking which he had undertaken to perform, the status of O. R. Hisel was, and remained, that of an independent contractor; and that E. R. Whitney was the direct employee of Hisel.

In the Workman's Compensation law of this state (O. S. 1931, sec. 13348 et seq.; 85 Okla. St. Ann. sec. 1 et seq.) it is provided:

"Every employer subject to the provisions of this act shall pay, or provide as required by this act, compensation according to the schedules of this article for the disability of his employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of his employment, without regard to fault as a cause of such injury; * * * provided, * * * and provided, further, that the liability of any person, firm or corporation having an interest in the subject matter, employers and contracting employers, general or intermediate, for compensation under this act, when other than the immediate employer of the injured employee, shall be as follows:

"1. In the absence of provisions to the contrary in any contract with an independent contractor, such independent contractor shall be conclusively presumed to have agreed, as a part of the terms of the contract, that he will comply with the Workmen's Compensation Laws of this state, and in case of failure to do so, the person procuring such work to be done by independent contractors, may declare such failure a substantial violation of the contract, and terminate the same at his or their option. All unpaid balances due under such contract, or so much thereof as may be reasonably necessary, may be retained as indemnity against compensation claims under the Workmen's Compensation Act of this state. The independent contractor shall, at all times, be liable for compensation due to his direct employees, or the employees of any subcontractor of such independent contractor, and the principal employer shall also be liable in the manner hereinafter specified for compensation due all such employees. Provided, however, that for the purposes of this act, a lessor or sublessor shall be deemed not to be one having an interest in the subject matter, the principal employer, contracting employer, employer, general, intermediate, or immediate, independent contractor or intermediate contractor, of the lessee or of any subsequent sublessee, or of the employees of the lessee or of any subsequent lessee, including the employees of the subcontractors of the lessee or of any subsequent sublessee.

"2. The person entitled to such compensation shall have the right to recover the same directly from his immediate employer, the independent contractor or intermediate contractor, and such claims may be presented against all such persons in one proceeding. If it appears that the principal employer has failed to require a compliance with the Workmen's Compensation Law of this state, by his or their independent contractor, then such employee may also proceed in the same investigation or case against such principal employer. If it shall be made to appear in such proceeding that the principal employer has failed to require a compliance with this act by his independent contractor then such principal employer shall be liable for all such injuries to employees of his independent contractor, or the subcontractor of such independent contractor. If it appears in such proceeding that the principal employer is liable for compensation under the terms of this act, and the subcontractors of the independent contractor and their sureties are also liable, then judgment or order shall be issued against all of such parties and execution may be issued therefor, but such execution shall first be enforced against those found liable other than the principal employer, and will be enforced as against the principal employer only for the residue of such claim after exhausting the execution against others liable therefor. Payment of the compensation found due by any of the persons liable therefor shall be complete satisfaction of the claims as to other parties, but any person secondarily liable for such compensation shall have a cause of action against the person primarily liable for the recovery of any payment made on account thereof."

It is also provided in said law that:

"As used in this act: * * *.

" 'Employer,' except where otherwise expressly stated, means a person, partnership, association, corporation, and the legal representative of a deceased employer, or the receiver or trustee of a person, partnership, association or corporation employing workmen in hazardous employment. * * *

" 'Hazardous Employment' shall mean manual or mechanical work, or labor, connected with or incident to one of the industries, plants, factories, lines, occupations or trades mentioned in section 7283 (sec. 13349, O. S. 1931; 85 Okla. St. Ann. sec. 2), * * *.

" 'Employment' includes employment only in a trade, business or occupation carried on by the employer for pecuniary gain."

Manual or mechanical work, or labor, connected with or incident to "buildings being constructed, repaired, or demolished," is recognized and designated in said law as hazardous employment. And hence, O. R. Hisel, being in the premises a person

engaged in the business of repairing buildings for pecuniary gain, and an employer of workmen hired to perform manual or mechanical work, or labor, connected with or incident to said business, clearly was an "employer subject to the provisions of" the Workmen's Compensation Law, and therefore obligated by virtue of said law to pay compensation, or provide for payment thereof in some way provided by the law, for disability of any of his employees resulting from accidental personal injury sustained by the employee and arising out of and in the course of the employment. and failure of Hisel to secure the payment of such compensation in some manner provided by said law would not operate to relieve him from the obligation and liability to pay same. Merrick & Coe v. Modlin et al., 88 Okla. 83, 211 P. 510; Teague v. State Industrial Commission, 112 Okla. 292. 240 P. 1053; Atlas Wiring Co. v. Dorchester, 168 Okla. 337, 32 P.2d 913.

From the quoted language of the Workmen's Compensation Law, it will be noted that it is provided:

"* * * The independent contractor shall at all times, be liable for compensation due to his direct employees, or the employees of any subcontractor of such independent contractor. and the principal employer shall also be liable in the manner hereinafter specified for compensation due all such employees. * * *"

And further:

"If it appears that the principal employer has failed to require a compliance with the Workmen's Compensation Law of this state, by his or their independent contractor, then such employee may also proceed in the same investigation or case against such principal employer. If it shall be made to appear in such proceeding that the principal employer has failed to require a compliance with this act by his independent contractor. then such principal employer shall be liable for all such injuries to employees of his independent contractor, or the subcontractor of such independent contractor. * * *"

Apparently the State Industrial Commission in making the award as against Standard Savings & Loan Association relied upon these last-quoted provisions of the law as applicable authority so to do. From said provisions it would appear that it is the failure of a "principal employer" to "require a compliance with the act" by such principal employer's independent contract-

or which operates to make such principal employer liable for compensable injuries sustained by employees of the independent contractor, or of the subcontractor of such independent contractor. This provision, of course, presupposes that a lawful duty rests upon such principal employer to require of his independent contractor a compliance with the act. And hence, we think said provision to be without application in the instant case, unless it can be said that Standard Savings & Loan Association was legally bound to exact of O. R. Hisel, the independent contractor, a compliance with the act.

It is not to be doubted that an employer carrying on for pecuniary gain a trade, business, or occupation declared by the Workmen's Compensation Law of this state to be hazardous, is legally bound to exact a compliance with said law by such employer's independent contractor, in instances wherein manual or mechanical work, or labor, which is a part of, or process in, such trade, business, or occupation, is to be performed by the independent contractor and his employees. So, if it may be said of Standard Savings & Loan Association that it was, in the premises, carrying on for pecuniary gain the business of repairing buildings, then properly we should hold that the repair work undertaken by O. R. Hisel, as an independent contractor, was work a part of said business, and that, therefore, said association was legally bound to "exact a compliance with the act" by the said Hisel. But, in the state of the record, we think it may not be so said. For the record reflects that said association was in no wise whatever engaged in the business of repairing buildings.

We are of the opinion, and hold: That, in the premises, Standard Savings & Loan Association was not legally bound or required to exact of O. R. Hisel a compliance with the Workmen's Compensation Law, and that, therefore, it was error for the State Industrial Commission to adjudge said association to be liable for payment of the award.

Said award, so far as it relates to or affects Standard Savings & Loan Association, is hereby vacated.

Award vacated.

OSBORN, C. J., and WELCH, CORN, and GIBSON, JJ., concur. HURST and DAVISON. JJ., dissent. RILEY, J., absent. DANNER, J., not participating.