BLAKELY v. HAMBY et al.

No. 29547.　May 7, 1940.

*102 P. 2d 581.*

Fred M. Hammer and Major J. Parmenter, both of Oklahoma City, for petioner.

Clarence Black, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM.　On the 21st day of August, 1939, the petitioner filed a claim with the State Industrial Commission alleging that he sustained an accidental injury on the 21st day of June, 1939, when his foot slipped and he fell. The State Industrial Commission, by an order entered on the 6th day of August, 1939, denied an award. Petitioner seeks to vacate this order.

The undisputed evidence is that the respondents were the owners and operators of a real estate and rental business. The petitioner was working as a carpenter on a paint job repairing one of the rental houses of respondents when he sustained the accidental injury involved.

The State Industrial Commission did not err in denying an award. Haas v. Ferguson, 184 Okla. 279, 86 P. 2d 986; Harris v. Wallace, 172 Okla. 349, 45 P. 2d 89; Standard Savings & Loan Ass'n v. Whitney, 184 Okla. 190, 86 P. 2d 298; Meyer & Meyer v. Davis, 162 Okla. 16, 18 P. 2d 869; Oklahoma City Federal Savings & Loan Ass'n v. State Industrial Commission, 176 Okla. 43, 54 P. 2d 333.

In Harris v. Wallace, supra, the court said:

"Where an employer is engaged in a nonhazardous business and employs some one to perform labor for him of a hazardous nature as an incident to such nonhazardous business, but not in the

conduct of same for pecuniary gain, such employee, if injured, does not come within the provisions of the Workmen's Compensation Act, for subsection 5 of section 13350, O. S. 1931, provides: ' "Employment" includes employment only in a trade, business or occupation carried on by the employer for pecuniary gain.' "

In Harris v. Wallace, supra, the fact situation is somewhat similar to that in the case at bar. The petitioners therein were the owners and operators of apartment houses, and the claimant in that case was injured while redecorating the interior of an apartment house. See, also, Oklahoma City Federal Savings & Loan Ass'n v. State Industrial Commission, supra. We think the principle announced in the above authorities, and particularly in Harris v. Wallace, supra, applicable here.

The order is sustained.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, HURST, and DANNER, JJ., concur.