CARPER v. BRANDON et al.

No. 31286. March 6, 1945.

*156 P. 2d 623.*

G. K. Sutherland and T. F. Dukes, both of Hominy, for petitioner.

Hamilton & Kane, of Pawhuska, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Joe Carper, hereinafter referred to as petitioner, to obtain a review of an order which was made by trial commissioner and on appeal affirmed by the State Industrial Commission and which denied, for jurisdictional reasons, a claim to compensation against J. H. Brandon, hereinafter referred to as respondent.

On December 8, 1941, petitioner filed with the State Industrial Commission his claim for compensation for a disability which he alleged had resulted from an accidental personal injury sustained on October 17, 1941, while petitioner was engaged in the repair of a building which belonged to the respondent. The respondent challenged the jurisdiction of the State Industrial Commission for the reason that the alleged injury had not been sustained in a compensable employment. The trial commissioner conducted hearings to determine liability and extent of disability. The evidence adduced at said hearings disclosed that respondent was the owner and operator of a one-man garage and repair shop wherein power-driven machinery is used but had no employees in said business; that the building in which respondent carried on his business was not entirely satisfactory and that respondent purchased another building for the purpose of moving his business therein; that it was necessary to make some alterations and repairs in the building so purchased and that respondent employed one J. H. Jacobs to make such alterations and repairs; that it became necessary for Jacobs to have some one assist him for several days in his work and respondent instructed Jacobs to obtain the services of a certain individual but that Jacobs was unable to obtain the services of such person and thereupon employed petitioner to assist him with the understanding, however, that respondent would pay petitioner for his services. While so employed petitioner fell upon a studding and injured himself and that petitioner was seeking compensation for disability alleged to have been sustained as a result of said injury. The evidence further disclosed that respondent was not engaged in the business of repair and alteration of buildings and was not engaged in the repair and alteration of the building here involved for pecuniary gain. The trial commissioner from the evidence so adduced made the following finding of fact:

"That on October 17, 1941, the respondent herein was not engaged in a hazardous business covered by the terms of the Workmen's Compensation Law, and therefore, the Industrial Commission is without jurisdiction in this cause."

On the basis of the foregoing finding of fact the trial commissioner entered an order which denied compensation. On appeal, the State Industrial Commission, sitting en banc, adopted the finding of fact so made and the order of the trial commissioner thereon.

The petitioner contends that the trial commissioner and the State Industrial Commission erred as a matter of law in holding that petitioner was not injured in a compensable employment. Petitioner urges that since the business of the respondent was one which would be hazardous if employees were engaged therein, that this made the employment of petitioner in work incident to said business hazardous and brought it within the terms of the Workmen's Compensation Act. The fallacy in petitioner's argument lies in the assumption that a business which could be under certain circumstances within the provisions of the act must be held to be such where it is necessary to give the State Industrial Commission jurisdiction to award compensation. Such is not the rule. The business of the respondent, that of a garage and repair shop, was one which had no employees. The Workmen's Compensation Act (85 O.S. 1941 § 11) expressly provides as follows:

"That the provisions of this act shall not apply to any employer if he shall employ less than two workmen."

The business of respondent was therefore not one of those covered by the Workmen's Compensation Act. The uncontroverted evidence before the Commission discloses that respondent was not engaged in the repair and alteration of buildings for pecuniary gain and was not so engaged in the repair and alteration of the particular building here involved and in which petitioner was alleged to have sustained his injury. As said in Meyer & Meyer v. Davis, 162 Okla. 16, 18 P. 2d 869:

"Where an employer is engaged in a nonhazardous business, and employs some one to perform labor for him of a hazardous nature as an incident to such nonhazardous business, but not in the conduct of same for pecuniary gain, such employee, if injured, does not come within the provisions of the Workmen's Compensation Act, for subsection 5 of section 13350, O.S. 1931, provides: ' "Employment" includes employment only in a trade, business or occupation carried on by the employer for pecuniary gain.' "

The rule announced in the foregoing case is now the settled law of this jurisdiction. See Harris v. Wallace, 172 Okla. 349, 45 P. 2d 89; Oklahoma City Federal Savings & Loan Ass'n v. State Industrial Commission, 176 Okla. 43, 54 P. 2d 333; Standard Savings & Loan Ass'n v. Whitney, 184 Okla. 190, 86 P. 2d 298; Haas v. Ferguson, 184 Okla. 279, 86 P. 2d 986; Blakeley v. Hanby, 187 Okla. 251, 102 P. 2d 581. The cases of Anthony Motor Co. v. Ferguson, 188 Okla. 485, 110 P. 2d 1111; Wilson & Co. v. Musgrave, 180 Okla. 246, 68 P. 2d 846; Switzer Advertising Co. v. White, 188 Okla. 567, 111 P. 2d 815; Mason Lumber Co. v. Andruss, 188 Okla. 365, 110 P. 2d 605; Burrows v. State Industrial Commission, 188 Okla. 523, 111 P. 2d 175, and Diamond Ice Co. v. Seitz, 188 Okla. 54, 105 P. 2d 784, cited by petitioner, involved situations where employees of hazardous employments covered by the act were involved and are wholly inapplicable to the case at bar as an examination thereof will readily reveal.

The uncontradicted evidence discloses that respondent was engaged in an employment which, under some circumstances, might be covered by the act, but herein the work performed was so disconnected with the carrying on of the hazardous business of conducting a garage as not to be incidental to the garage business. His work was not carried on for pecuniary gain within the meaning of the act.

It follows that the order made was properly entered.

Order sustained.

HURST, C.J., and RILEY, OSBORN, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur. ARNOLD, J., dissents.

ARNOLD, J. (dissenting). A garage and repair shop wherein power-driven machinery is used is defined as hazardous by the Workmen's Compensation Law and covered thereby. However, all employers who employ less than two persons in any hazardous business are

exempt from the provisions of the act. A business or employment is not rendered nonhazardous by reason of the fact the owner and operator thereof has in his employment less than two employees. The exemption on this ground is to the employer—not the business.

We have consistently held in conformity with the express provision of the act that injuries sustained in the performance of manual or mechanical labor incidental to a hazardous occupation or trade as defined by the act are compensable.

When the respondent hired additional men to reconstruct the building in question for the purpose of furnishing more adequate housing facilities for the operation of his hazardous business, he became subject to the provisions of the act. His personal exemption as employer no longer existed. This conclusion is inescapable if the reconstruction and remodeling work was incidental to the garage and repair business. I think it was, and therefore dissent.

For a discussion by us on what is incident to a hazardous business, see Diamond Ice Co. et al. v. Seitz et al., 188 Okla. 54, 105 P. 2d 784.