DENBO v. ROARK et al.

No. 31310. Dec. 18, 1945.

Rehearing Denied Jan. 8, 1946.

Application for Leave to File Second Petition for Rehearing Denied Jan. 22, 1946.

*164 P. 2d 977.*

Dennis Bushyhead, of Claremore, for petitioner.

William M. Franklin, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondent.

DAVISON, J. This is an original proceeding in this court by Oce Denbo, hereinafter referred to as petitioner, to review an order made by the trial commissioner and affirmed by the State Industrial Commission, denying the claim of the petitioner for a compensation award against Farmers Mutual Insurance Company, hereinafter referred to as respondent.

The respondent, Mutual Insurance Department of the Oklahoma Farmer's Union, alleges that it writes and issues policies of wind, fire and tornado insurance to members only. The insurance policy issued by respondent was issued to O. A. Vinall, secretary-treasurer of the A.F.L., and covered a building known as Labor Union Temple located on lots 2-17A, town of Pryor. The building thereon was damaged by a tornado, and respondent, in lieu of payment of cash settlement for the damage, employed petitioner and others to repair the building.

On July 22, 1942, petitioner filed with the Industrial Commission his first notice of injury and claim for compensation alleging an injury as a result of a fall while employed as a carpenter in Pryor, Okla. Respondent in its answer denied the allegations of the claim and further denied petitioner was engaged in a hazardous occupation within the purview of the Workmen's Compensation Act, and further alleged respondent was not engaged in a hazardous industry or work as described in the Workmen's Compensation Law.

Upon hearing to determine liability and extent of disability the matter was submitted upon stipulation, the pertinent part being as follows:

"It is stipulated between the claimant and the respondent as follows: That the proper name of the insurance company mentioned in the pleadings is the 'Farmers Union Mutual Insurance Company,' and that the pleadings in the case filed may be considered as against the Farmers Union Mutual Insurance Company. . . .

"Now it is stipulated and agreed further that the Farmers Union Mutual Insurance Company is a wind, fire and tornado insurance company doing business under the law of the State of Oklahoma for members of the Farmers Union only.

"It is stipulated further that their business is that of writing fire and tornado insurance and they are organized for that purpose and that they are incorporated for that purpose and that purpose only.

"It is stipulated further that notwithstanding the fact that they are organized and incorporated for the insurance business set out that they do, at times, reserve the option to rebuild some premises that are destroyed and were so engaged at the time that the claimant was injured, if he was injured."

The trial commissioner found that petitioner alleged he received an accidental personal injury while in employ of respondent, and further:

"That at the time of said alleged accidental personal injury, the respondent, Farmers Union Mutual Insurance Company, was not engaged in a hazardous occupation as defined by the provisions of the Workmen's Compensation Law."

Petitioner contends that although the Workmen's Compensation Law (85 O. S. 1941 § 2) does not classify an insurance company writing fire, wind and tornado insurance as a hazardous employment, yet such company in the operation of its business may subject itself to the provisions of such law and the responsibilities therein provided.

Upon damage occurring to the building covered by the policy of insurance issued by the respondent, the respondent became obligated thereunder to the extent provided for therein. The respondent, as set forth in the stipulation, in the present instance, exercised its option to rebuild the building and was so engaged at the time the petitioner claims he was injured. This was in lieu of a cash settlement of the damage. The respondent, having exercised the option, commenced the fulfillment of its obligation by employing workmen and setting them to work upon the repairing of the building.

The term "construction and engineering works" contained in 85 O. S. 1941 § 2 is defined in section 3, subd. 14, as follows:

" 'Construction work' or 'engineering work' means improvement or alteration or repair of buildings, structures, streets, highways, sewers, street railways, railroads, logging roads, interurban railroads, electric, steam or water plants, telegraph and telephone plants and lines, electric lines or power lines, and includes any other work for the construction altering or repairing for which machinery driven by mechanical power is used."

Clearly, the operation in which the respondent was engaged falls within the definition of "construction work" or "engineering work" as defined in the above statute.

The business of the respondent is not one of the industries, plants, factories, lines, occupations or trades mentioned in section 2, supra, as a hazardous employment, but under the facts the respondent has elected to operate its business in such a way as to bring a portion of its business under said section governed by the phrase "hazardous employment" as defined above. See Rose Hill Burial Park v. Garrison, 176 Okla. 355, 55 P. 2d 1045; Harbour-Longmire-Pace Co. v. State Industrial Commission, 147 Okla. 207, 296 P. 456; Svoboda v. Brooking, 132 Okla. 290, 270 P. 575; Spivey & McGill v. Nixon, 163 Okla. 278, 21 P. 2d 1049; Furrow & Co. v. Miller, 188 Okla. 199, 107 P. 2d 193.

It is true respondent could have operated its business so as to avoid the provisions of the Workmen's Compensation Law. It, however, did not do so when it elected to repair the damage for which it was otherwise obligated to pay. A necessary incident of the repair of buildings is the employment of workmen. The writing of the policy of insurance, the election to repair and the employment of workmen in this case are necessary incidents to the operation of repairing the building. The rebuilding or repair of the building was necessarily an incident to respondent's business since it elected to repair said building as same was carried on.

Respondent complains that the stipulation entered into states respondent "reserves the option to rebuild" and was so engaged when petitioner suffered the claimed injury, and that this is not "improvement or alteration or repair of buildings" as set out in section 3, supra. We are of the opinion that for the purpose of the Workman's Compensation Law, the terms "improvement" and "repair," when defining "construction work" or "engineering work," sufficiently refer to and include the rebuilding of a building.

Respondent cites 85 O. S. 1941 §3, subd. 5, which reads as follows: " 'Employment' includes employment only in a trade, business or occupation carried on by the employer for pecuniary gain." And contends the facts bring the case before us within the decision in Meyer & Meyer v. Davis, 162 Okla. 16, 18 P. 2d 869; Harris v. Wallace, 172 Okla. 349, 43 P. 2d 89; Standard Savings & Loan Ass'n v. Whitney, 184 Okla. 190, 86 P. 2d 298, and related cases. Those cases hold that where an employer in a nonhazardous business employed someone to perform labor for him of a hazardous nature as an incident of such nonhazardous business, but not in conduct of same for pecuniary gain, such employee, if injured, does not come within the provisions of the Workmen's Compensation Law. These cases will be distinguished from the case at bar later in this opinion.

The respondent is designated as a nonprofit co-operative association and is conducted as such so as to receive the benefits and exemptions relative to a business of such character. These are stated to be mainly the advantages gained by its members and avoidance of certain taxes by the association. Refunds or rebates are made to its members on the basis of business transacted and are not designated as dividends nor taxed as much. The funds distributed are taxable in the hands of the members. Surpluses retained are taxable. Its operations in other respects are carried on much the same as other trades, business or occupations of similar nature.

At the time of issuing the policy of insurance, in consideration of payment of the premium, the respondent is bound to have known that in the event of a loss by the insured certain obligations would arise. At that time it was within the contemplation of respondent that, as was done here, an election would be made to repair or rebuild. This would require the performance of "construction work", or "engineering work". The employment of workmen would be necessary. It is the opinion of the court that the acceptance of such premium with knowledge that construction work could result from the transaction, and where such construction work was in process of completion, same amounted to a pecuniary gain within the meaning of the Workmen's Compensation Law.

The only connection the company had with this building and the company's only interest in the building was based on its contractual relation with the owner. The contract was one to reimburse for loss or damage, or to repair the building. When the company elected to repair and proceeded to do so, it did so in discharge of or in compliance with its contractual liability, and thereupon the original contract became one merely to repair, so far as this controversy is concerned. Since the obligation was assumed for a cash consideration we have a construction or

repair for compensation paid in money, and therefore as to this project an engaging in the business of contracting to repair, and the business of construction and repair for direct pecuniary gain.

Nor do we think the planned operation of the business of respondent so as to avoid taxation and other burdens encountered by other concerns should here exempt respondent from the terms of the act. To exempt respondent would be tantamount to requiring a profit in addition to "for pecuniary gain" in the above statute.

The opinion of this court as expressed herein in no way affects the decisions rendered in Meyer & Meyer v. Davis, Harris v. Wallace, Standard Savings & Loan Ass'n v. Whitney, supra, and related cases. In those cases, under the facts, the operations being carried on were without any element of direct pecuniary gain, voluntarily undertaken, and were upon buildings owned or occupied by them. Here the work was being done by an insurance company on a business building owned by the insured.

The Workmen's Compensation Law is remedial and should be construed liberally and as a whole, and all reasonable presumptions indulged in favor of those for whose protection the statutory compensation was fixed and who, by the terms of the act, are deprived of the ordinary remedies open to others whose rights are invaded. Griffin v. Holland, 191 Okla. 417, 131 P. 2d 113.

HURST, V. C. J., and OSBORN, WELCH, CORN, and ARNOLD, JJ., concur. GIBSON, C. J., dissents.