WILDE v. PHYSICIANS & DENTISTS BLDG. CO. et al.

No. 32572. Nov. 19, 1946.

*174 P. 2d 382.*

Harold Dodson, of Oklahoma City, for petitioner.

Looney, Watts, Fenton & Billups, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by Ralph Charles Wilde, petitioner, to review an order denying an award. On the 27th day of November, 1945, petitioner filed with the State Industrial Commission his first notice of injury and claim for compensation stating that while employed by respondent, Physicians & Dentists Building Company, as a plasterer he sustained an accidental injury arising out of and in the course of his employment on July 8, 1945, when he fell down an elevator shaft and broke his right leg and injured his back. After a hearing before the State Industrial Commission an order was entered by the commissioner denying an award, and the State Industrial Commission approved this order. This proceeding is brought to review the order.

The record discloses that respondent owns an office building at 117 N. Broadway in Oklahoma City; that for the purpose of maintenance and repairs performed by petitioner, respondent maintains a room on the second floor where there is stored plaster, sand, and mortar. Petitioner was plastering on the second floor and had completed his work for the morning and gone to lunch. When he returned from lunch he fell down the elevator shaft and sustained the injury resulting in the disability of which complaint is made.

For his first and second propositions petitioner contends that his employment was construction work and repair and alteration of buildings and comes within the terms of construction engineering as defined by 85 O.S. 1941 § 1 et seq.

We are of the opinion, and hold, that this case comes within the rule applied in Harris v. Wallace, 172 Okla. 349, 45 P. 2d 89; Meyer & Meyer v. Davis, 162 Okla. 16, 18 P.2d 869; Kennedy v. State Industrial Commission, 181 Okla. 3, 72 P.2d 367; Standard Savings & Loan Ass'n v. Whitney, 184 Okla. 190, 86 P.2d 298; Blakely v. Hamby, 187 Okla. 251, 102 P.2d 581; Carper v. Brandon, 195 Okla. 192, 156 P.2d 623, to the effect that the alteration and repair of apartments, office buildings, and such not for pecuniary gain, not being specifically listed in the Workmen's Compensation Law, cannot be a basis for an award on the ground of hazardous employment.

Petitioner cites Denbo v. Roark, 196 Okla. 386, 164 P. 2d 977. Therein it is held that where an employer elects to engage in hazardous occupations within the meaning of 85 O.S. 1941 § 1 et seq., and in pursuance of such election hires an employee, such employee is covered by the Workmen's Compensation Law even though the general business of the employer is nonhazardous. Therein the court said:

"The opinion of this court as expressed herein in no way affects the decisions

rendered in Meyer & Meyer v. Davis, Harris v. Wallace, Standard Savings & Loan Ass'n v. Whitney, supra, and related cases."

Petitioner next contends that the case comes within the definition of a workshop as defined by 85 O.S. 1941 § 1 et seq., as amended. With this contention we cannot agree. The plaster, sand, and mortar stored in the room, and such tools as a hammer and saw that might be used in connection therewith, would not constitute a workshop. As stated in Hurley v. O'Brien, 192 Okla. 490, 137 P. 2d 592, the equipment constituting the employment that of a workshop must be substantial and not mere incident to an otherwise nonhazardous employment.

Finally, petitioner contends that the respondent comes within the definition of an operator of an elevator within the meaning of 85 O.S. 1941 § 2. Petitioner cites and relies upon Larsen v. Paine Drug Co. 218 N.Y. 252, 112 N.E. 725, wherein it was held that an employee of a drug manufacturing company who sustained an injury when he fell down an elevator shaft was entitled to an award. The fact that the claimant therein fell down an elevator shaft was not the basis of his right of recovery. It was the incident leading to the right and the claimant therein would have recovered however injured. The court held that since he was an employee of a manufacturer of drugs specifically covered by the New York law, he did not have to sustain his injury while he was actually engaged in the manufacture of drugs. Such is the holding of our own court in Wilson & Co. v. Musgrave, 180 Okla. 246, 68 P. 2d 846; Coon v. Morton, 189 Okla. 40, 113 P. 2d 192, and many other cases. As stated in Carper v. Brandon, supra, these cases are readily distinguished from the case at bar. What has been said with reference to Hurley v. O'Brien, supra, likewise applies here.

We have given serious consideration to all of the contentions of the petitioner and are of the opinion that the State Industrial Commission correctly concluded that he was not entitled to an award.

The order denying the award is sustained.

GIBSON, C.J., HURST, V.C.J., and OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur.