AMERADA PETROLEUM CORPORATION v. VAUGHAN et al.

No. 33289.    April 6, 1948.

Rehearing Denied April 20, 1948.

*192 P. 2d 639.*

Harry D. Page, Booth Kellough, Jack Langford, and Philip J. Kramer, all of Tulsa, and A. P. Dohoney, of Austin, Tex., for petitioner.

Frank Seay and Dick Bell, both of Seminole, for respondent.

LUTTRELL, J. The claimant, Austin W. Vaughan, received an accidental injury on April 1, 1947, while painting a small dwelling house, belonging to Amerada Petroleum Corporation, near Seminole. Vaughan at the time of his injury was employed by Glen Hicks, an independent painting contractor, engaged by Amerada to paint the house. Vaughan filed a claim with the State Industrial Commission, and after a hearing the trial commissioner found that Vaughan was not, at the time of his injury, employed in a hazardous business or occupation, and dismissed the claim for lack of jurisdiction. On appeal to the commission en banc, the commission found that claimant sustained an injury while in the employ of the respondents, Hicks and the Amerada Petroleum Corporation, and made an award against both respondents. Amerada Petroleum Corporation has filed in this court its petition to review the award.

From the evidence it appears that Amerada maintained a district office near Seminole; that at this point it had gasoline pumps, and a place to service its trucks, shops of some sort, and some 50 or 75 small houses owned by it and rented to its employees working in its offices, or in the oil fields in that vicinity. The house upon which claimant was working had been recently repaired to some extent, and claimant, with his employer, Hicks, and another man, was engaged in scraping the old paint from the outside of the house prior to repainting it. The house was a small three-room frame structure, and while claimant was standing on the third step of a stepladder, the ladder fell with him, breaking his right leg above the ankle. Hicks, the painting contractor, did not carry compensation insurance, nor had he secured a permit to carry his own risk, and the liability of Amerada, if any, is based upon the provisions of 85 O.S. 1941 §11, which makes the principal employer secondarily liable to the employee of an independent contractor where the principal employer has failed to require compliance with the Workmen's Compensation Law by the independent contractor.

Amerada makes several contentions, but we consider one decisive. That is, that it was not its duty to require of the independent contractor compliance with the Workmen's Compensation Act for the reason that the work performed was not of such a nature as to constitute it a part of the business, trade, or occupation in which Amerada was engaged, or any process therein. This contention is well taken and must be sustained.

It is conceded by all parties that the business in which Amerada was and is engaged is the drilling of oil and gas wells, and the production of oil and gas therefrom. The houses which it maintains in its camp at its division headquarters in Seminole county, and which houses it rents to its employees working in that vicinity, are not in any sense connected with or incident to the business of drilling wells or producing oil and gas therefrom. The houses are maintained by it simply for the convenience of its employees working in that vicinity, apparently for the purpose of providing such employees with inexpensive living quarters in the vicinity of the district office, or other activities in which they are employed by Amerada.

85 O.S. 1941 §2 provides as follows:

"(15) Where several classes or kinds of work are performed the Commission shall classify such employment, and the provisions of this Act shall apply only to such employees as are engaged in manual or mechanical labor of a hazardous nature."

In Chatham v. Arrow Drilling Co., 183 Okla. 243, 80 P. 2d 944, we said:

"Where an employee is engaged in manual or mechanical labor not necessarily connected with, incident to, nor an integral part of a business or industry enumerated in and defined as hazardous by the Workmen's Compensation Law, St. 1931, secs. 13349, 13350, 85 Okla. St. Ann. secs. 2, 3, such employee is neither protected nor bound by the provisions of said act."

In the instant case it clearly appears that Amerada was not engaged in the painting of houses for pecuniary gain, and that the renting of such houses to its employees was disassociated from its business of drilling wells and producing oil. In such case, had claimant been employed by Amerada, it would not have been liable to him for such injury. Wilde v. Physicians & Dentists Building Co., 197 Okla. 683, 174 P. 2d 382; Blakely v. Hamby, 187 Okla. 251, 102 P. 2d 581.

In Standard Savings & Loan Ass'n v. Whitney, 184 Okla. 190, 86 P. 2d 298, and in Haas v. Ferguson, 184 Okla. 279, 86 P. 2d 986, we held that an employer employing an independent contractor in a hazardous undertaking not carried on by the employer for pecuniary gain, and which was not a part of or process in a hazardous business in which the principal employer was engaged, was not obligated or bound by the provisions of section 11, supra, to require compliance with the compensation laws by such independent contractor, and was not liable for injuries sustained by an employee of such independent contractor.

Claimant cites and relies upon Denbo v. Roark, 196 Okla. 386, 164 P. 2d 977, and Switzer Advertising Co. v. White, 188 Okla. 567, 111 P. 2d 815. These decisions we consider inapplicable.

In Denbo v. Roark, supra, the Mutual Insurance Department of the Oklahoma Farmers Union issued an insurance policy giving it the option, in case the property insured was injured by tornado, to either make a cash payment or repair the building. It elected to repair the building, and employed Denbo as a carpenter to assist in the repair work, during which Denbo was injured. We held that Denbo, at the time of his injury, was engaged in construction work, a hazardous employment, and that when the insurance company elected to repair and proceeded to do so, the original contract of insurance became one to repair the building, and that thus it was engaged in the business of repairing such building for profit.

In the Switzer case the Switzer Advertising Company was engaged in constructing signboards for outdoor advertising, and in the painting of advertisements thereon, in which business it engaged for pecuniary gain. White was employed to paint signs upon these boards after they were erected, and while doing so was injured. We held that his services were manual and mechanical and constituted an essential and integral part of the business of erecting and constructing signs.

In the instant case, as pointed out above, there is no evidence that Amerada was engaged in the construction of houses or rental properties for pecuniary gain, but the evidence overwhelmingly establishes that plaintiff was simply engaged in the painting of a house owned by it. Under the authorities above cited, the commission was without jurisdiction to make an award against it for claimant's injury.

Reversed, with directions to dismiss the claim as to Amerada Petroleum Corporation.

HURST, C.J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur. DAVISON, V.C.J., and RILEY and ARNOLD, JJ., dissent.