PREFERRED ACCIDENT INS. CO. OF N. Y. v. VAN DUSEN et al.

No. 32917. Oct. 18, 1949.

*210 P. 2d 341.*

Savage, Gibson & Benefield, of Oklahoma City, for petitioner.

Schwoerke & Schwoerke, W. A. Kerr, and Fenton & Fenton, all of Oklahoma City, for respondent Wm. A. Van Dusen.

Cheek, Cheek & Cheek, of Oklahoma City, for respondent Harold P. Atlee.

LUTTRELL, J. This is an original proceeding in this court brought by petitioner, the Preferred Accident Insurance Company of New York, to review an award of the State Industrial Commission in favor of W. A. Van Dusen. Van Dusen's employer, Harold P. Atlee, the State Industrial Commission, and others are also joined as respondents.

In its award, among other things, the commission found that the compensation insurance policy of petitioner, issued to the employer Harold P. Atlee, was in full force on February 12, 1946, the date of claimant's injury, and that claimant, at the time of his injury, was engaged in a hazardous occupation subject to and covered by the Workmen's Compensation Law. Petitioner contends that the two findings of the commission above set forth were erroneous. Since no other questions are involved, we deem it unnecessary to fully state the facts surrounding the accidental injury sustained by claimant, about which there is no dispute, and will confine ourselves to those bearing directly upon questions raised by petitioner in its petition for review and briefs.

Petitioner first contends that the policy issued by it to the employer Atlee was effectively canceled prior to the date of claimant's injury. Upon this question the finding of the commission is as follows:

"That Commissioner finds that the compensation insurance policy of the Preferred Accident Insurance Company of New York, whereby the business of the respondent Harold P. Atlee, was insured, was in full force and effect on February 12, 1946, the date of claimant's accidental injury herein, and that said insurance company is a proper party herein. The Commissioner specifically finds that said respondent, Harold P. Atlee, had specifically instructed said insurance company to cancel said insurance policy prior to the date of said accident, but that said respondent had failed to cancel same on the date said respondent requested it to do so, to-wit: On or about December 31, 1945, but attempted to cancel same on or about January 31, 1946. The Commissioner finds respondent was not given the written notice required by law of intention to cancel said policy, and the attempted cancellation of same was ineffectual by reason of said failure to give written notice of intention to cancel, as required by law."

The testimony amply sustains the facts stated by the commission in the above finding, but petitioner urges that as a matter of law notice of cancellation to the employer was unnecessary where the employer had requested or consented to the concellation of the policy.

The governing statute, 85 O. S. 1941 §64, subdivision (e), provides that no Workmen's Compensation policy issued to an employer shall be canceled at any time other than the expiration date provided therein "until at least ten days after notice of intention to cancel

such contract, on a date specified in such notice, shall be filed in the office of the Commission and also served on the employer." It provides that notice shall be served on the employer by delivering the same to him personally, or by sending it to him by registered mail addressed to him at his last known place of business. In the instant case, the evidence reflects that ·prior to the expiration date of the policy the employer requested cancellation as of December 31, 1945, and an agent of the insurance company went to his home and procured from his wife the policy of insurance; that thereafter, on January 19, 1946, a notice was sent to the State Industrial Commission, which was received by it on January 21, 1946, advising that the policy was returned to petitioner for cancellation as of December 31, 1945, and that it was canceling its records January 29, 1946. It seems to be admitted that no notice of any kind advising the employer of the cancellation, or the effective date thereof, was served upon the employer, either personally or by mail.

Petitioner urges that under the circumstances notice to the employer was unnecessary, as the employer had requested cancellation and knew that the policies had been returned for cancellation. Petitioner relies principally upon Rasberry v. R. O. Knost & Sons, 146 Okla. 186, 293 P. 778. In that case notice of cancellation was apparently filed with the commission, and a registered letter containing notice to the employer was mailed to him, the envelope bearing directions that the letter should be returned to the insurance company if not delivered within five days. It was not delivered within the five-day period and was returned to the insurance company. In that case we said:

"A registered letter containing notice, but bearing directions thereon that such letter shall be returned if not delivered within five days, and where such direction is carried out, and no actual notice is received, does not fill the requirements of the statute as to ten days' notice as a condition prece-

dent to cancellation of policy insurance."

Petitioner asserts that the language in the above quotation "and no actual notice is received," implies that after the employer has actual notice that the policy is to be canceled the written notice provided in the statute is unnecessary. We do not agree with this construction. We think that the words "and no actual notice is received", when read in connection with the rest of the opinion, refers to the failure of the employer to receive the notice sent to him by registered mail as provided by the statute, the receipt of which would have amounted to actual notice.

Respondent also calls attention to the fact that actual notice of an injury under the Compensation Act has been frequently excused, and that in cases where insurance policies other than Workmen's Compensation insurance were involved, this court has held that notice of cancellation may be waived, citing Liverpool, London & Globe Ins. Co. v. Tharel, 68 Okla. 307, 174 P. 773. Petitioner apparently overlooks the fact that our statute, 85 O.S. 1941 §24, specifically authorizes the Industrial Commission to excuse the giving of written notice of injury in certain cases. The rule announced in cases involving insurance policies of other types is, in our judgment, of little force when the express provisions of section 64 are considered.

In Tri-State Casualty Co. v. Speer, 189 Okla. 191, 115 P. 2d 130, we held that the filing of notice of cancellation with the State Industrial Commission was mandatory. In that case we said that the cancellation provision of section 64 was enacted for the purpose, among other things, of "relieving the Commission of the necessity of passing upon contractual rights or engagements between the employer and insurance carrier. It gave a statutory life to the policy, so that no private act or agreement of the insurer and insured could deprive an injured employee of its protection".

Since, under the statute, cancellation is not effective in the absence of notice to the employer, we think that for the reason above given notice to the employer is also mandatory, in that by such notice he is definitely advised of the date on which his policy will cease to be in force, in sufficient time to enable him to protect himself and his workmen by procuring other insurance. Farmer's Gin Co. of Manitou v. Jones, 146 Okla. 79, 293 P. 527. We hold that the method of cancellation provided by the statute is mandatory, and must be strictly complied with in all respects in order to relieve an insurance company from liability under a Workmen's Compensation policy issued by it.

Petitioner also urges that the commission was without authority to determine this question, citing Bituminous Casualty Corp. v. State Industrial Commission, 187 Okla. 252, 102 P. 2d 607. In that case, however, the rights of the injured employee were not involved.

In Tri-State Casualty Insurance Co. v. Bowen, 189 Okla. 97, 113 P. 2d 981, we held that where the rights of an injured employee were involved the commission had authority to determine whether the policy issued by the insurance carrier to the employer was in effect upon the date of the injury. Under the authorities cited above, the State Industrial Commission could, in the instant case, decide whether the insurance policy was in effect on the date of claimant's injury, and its finding that the policy was in effect was not erroneous.

The other contention urged by petitioner is that claimant was not engaged in hazardous employment at the time of his injury. In this contention the employer concurs. The evidence shows that the employer Atlee was engaged in operating a dairy plant and store in the 5200 block on Northwest 10th street in Oklahoma City; that in his business he bottled and capped milk and cream, and also made ice cream, and pasteurized milk, and that

some of these processes involved the use of machinery. This was a hazardous business. Beatrice Creamery v. State Industrial Commission, 174 Okla. 101, 49 P. 2d 1094; 85 O. S. 1941 §2. While engaged in this business he began the construction of a building at some distance from his then location, which building was to be used by him in conducting the same business, and claimant, a plasterer, was injured while employed in the construction of the new building.

Petitioner contends that the employer Atlee was not engaged in the construction of buildings for pecuniary gain, and that therefore the construction work was not a hazardous employment, citing Meyer & Meyer v. Davis, 162 Okla. 16, 18 P. 2d 869; Blakely v. Hamby, 187 Okla. 251, 102 P. 2d 581, and other cases holding that where the employer was not engaged in a hazardous business for pecuniary gain, an employee injured while working on a building owned by the employer was not within the Compensation Act, and not entitled to compensation. In the instant case, examination of the record convinces us that the employer's own testimony was sufficient to sustain the finding of the commission that the business in which he was engaged at his then location was hazardous, and that he intended to remove such hazardous business to the new building when same was completed.

In Diamond Ice Co. v. Seitz, 188 Okla. 54, 102 P. 2d 784, we held that, when an employer was engaged in a hazardous business, the construction or repairing of a building to be used in such hazardous business was so incident to and connected with such business as to bring within the provisions of the Workmen's Compensation Act one injured while engaged in the construction or repair of such building. In that opinion many authorities are cited in support of the conclusion reached by the court. While in Carper v. Brandon, 195 Okla. 192, 156 P. 2d 623, we distinguished that case and refused to ap-

·ply the rule therein announced, it appears that in Carper v. Brandon, the business of the employer was not within the Workmen's Compensation Act for the reason that he had only one employee. The opinion in the Diamond Ice Company case is based upon a liberal construction of the Workmen's Compensation Act, and apparently rests upon the theory that the construction or repair of a building to house a hazardous business in which the employer is then engaged is done for the purpose of pecuniary gain, and is fairly incidental to the prosecution of the business, or appropriate in carrying it forward and providing for its needs. We do not consider this reasoning to be without foundation, since if the employer did not expect additional profit by the removal of his business, such removal would not ordinarily be undertaken by him. Obviously he would not go to such trouble and expense if he did not anticipate that such removal would improve his business and result in pecuniary gain, and there is no evidence in the instant case from which any inference may be drawn that the employer was actuated by any other motive in preparing this building for the location of his business.

In Denbo v. Roark, 196 Okla. 386, 164 P. 2d 977, we held that the repairing of a building was done for pecuniary gain, although the employer in that case was engaged in a non-hazardous business. In that case an insurance company elected to repair a building rather than pay for the loss sustained by the insured. We said that the writing of the insurance policy, the election to repair, and the employment of workmen were necessary incidents to the operation of repairing the building, and thus rendered a theretofore nonhazardous business a hazardous one. In the instant case, as in the Diamond Ice Company case, the employer was engaged in a hazardous business, and the construction of the building was incidental to and a part of that business. The whole enterprise, in each case, was conducted for the purpose of pecuniary gain, and that purpose permeated every operation incidental to or connected with the business.

If the construction of the building was incidental to and connected with the hazardous business, the fact that it was remote from the place where such business was conducted was immaterial. Coon v. Morton, 189 Okla. 40, 113 P. 2d 192; Allen v. State Industrial Commission, 183 Okla. 585, 83 P. 2d 808; Oklahoma Power & Water Co. v. State Industrial Commission, 184 Okla. 447, 87 P. 2d 969.

Award sustained.

DAVISON, C. J., and CORN, JOHNSON, and O'NEAL, JJ., concur. HALLEY, J., concurs in conclusion. ARNOLD, V.C.J., and WELCH and GIBSON, JJ., dissent.