**Harry E. SKELTON, Petitioner,**

v.

**T. M. ABBOTT and the State Industrial Commission, Respondents.**

**No. 38674.**

Supreme Court of Oklahoma.

Nov. 17, 1959.

Lewis M. Watson, Ada, for petitioner.

King & Wadlington, Ada, Mac Q. Williamson, Atty. Gen., for respondents.

BERRY, Justice.

On October 24, 1958, T. M. Abbott, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by Harry E. Skelton he sustained an accidental injury arising out of and in the course of his employment on October 1, 1958. The State Industrial Commission entered an award and this proceeding is brought by Harry E. Skelton, hereinafter called petitioner, to review the award which in part is as follows:

"That claimant sustained an accidental personal injury, arising out of and in the course of his hazardous employment with the above named respondent, within the terms and meaning of the Workmen's Compensation Law, on October 1, 1958, consisting of injury to his right second finger.

"That at the time of said injury, claimant's wages were sufficient to fix his rate of compensation at $35.00 per week for temporary total disability and $30.00 per week for permanent partial disability; that claimant was not temporarily totally disabled as a result of said injury, continued working, and lost no compensable time.

"That it was necessary that emergency treatment be given claimant, and such treatment was at the hands of Dr. Needham, of Ada, for which medical treatment respondent is liable.

"That as a result of said injury, claimant has sustained 50% permanent partial disability to his right second finger for which disability, claimant is entitled to compensation for 15 weeks at $30.00 per week, or the total amount of $450.00, of which all have accrued, and shall be paid in a lump sum of $450.00."

Claimant testified that he was employed as a carpenter with two other employees to repair a building owned by petitioner and to construct an addition thereto. This building had been rented by petitioner for use as a store and was partially destroyed for the purpose of highway construction. It was rented by petitioner and used as an eating place before the repairs were commenced. Sometimes people danced in the room used for an eating place. There was a music box operated by coins. The place was not operated during repairs. Claimant testified petitioner stated the room being repaired and added to would be used for dancing. During the construction and repair of this building claimant sustained the injury to his hand.

The sole issue is that in the operation and use of the property the employer was not engaged in any of the lines of employment defined as hazardous by the Workmen's Compensation Act, 85 O.S.1951 §§ 1 and 2, and claimant was therefore not engaged in hazardous employment.

The cases applicable are: Meyer & Meyer v. Davis, 162 Okl. 16, 18 P.2d 869; Harris v. Wallace, 172 Okl. 349, 45 P.2d 89; Oklahoma City Federal Savings & Loan Ass'n v. State Industrial Commission, 176 Okl. 43, 54 P.2d 333; Standard Savings & Loan Ass'n v. Whitney, 184 Okl. 190, 86 P.2d 298; Blakely v. Hamby, 187 Okl. 251, 102 P.2d 581; Carper v. Brandon, 195 Okl. 192, 156 P.2d 623; Amerada Petroleum Corp. v. Vaughan, 200

Okl. 226, 192 P.2d 639; Jones v. Smith, 202 Okl. 142, 210 P.2d 957. In Harris v. Wallace, supra, it is stated:

"Where an employer is engaged in a nonhazardous business, and employs some one to perform labor for him of a hazardous nature as an incident to such nonhazardous business, but not in the conduct of same for pecuniary gain, such employee, if injured, does not come within the provisions of the Workmen's Compensation Act, for subsection 5 of section 13350, O.S. 1931, provides: ' "Employment" includes employment only in a trade, business or occupation carried on by the employer for pecuniary gain.' " [172 Okl. 349, 45 P.2d 89.]

In Jones v. Smith, supra, the fact situation is very similar to the case we are now considering. A professor at Stillwater was constructing two apartments for rental purposes. The syllabus is substantially the same as in Harris v. Wallace, supra. Therein the court stated:

"Claimant relies upon Diamond Ice Co. v. Seitz, 188 Okl. 54, 105 P.2d 784, and Denbo v. Roark, 196 Okl. 386, 164 P.2d 977, 979. In Denbo v. Roark, supra, it is stated:

" 'Respondent cites 85 O.S. 1941, § 3, subdivision 5, which reads as follows: ' "Employment" includes employment only in a trade, business or occupation carried on by the employer for pecuniary gain.' and contends the facts bring the case before us within the decision in Meyer & Meyer v. Davis, 162 Okl. 16, 18 P.2d 869; Harris v. Wallace, 172 Okl. 349, 45 P.2d 89; Standard Savings & Loan Ass'n v. Whitney, 184 Okl. 190, 86 P.2d 298, and related cases. Those cases hold that where an employer in a nonhazardous business employed someone to perform labor for him of a hazardous nature as an incident of such nonhazardous business, but not in conduct of same for pecuniary gain, such employee if injured does not come

within the provisions of the Workmen's Compensation Law.'

"After holding for the claimant the court then stated:

" 'The opinion of this court as expressed herein in no way affects the decisions rendered in Meyer & Meyer v. Davis; Harris v. Wallace; Standard Savings & Loan Ass'n v. Whitney, supra, and related cases. In those cases under the facts, the operations being carried on were without any element of direct pecuniary gain, voluntarily undertaken, and were upon buildings owned or occupied by them. Here the work was being done by an insurance company on a business building owned by the insured.' " [202 Okl. 142, 210 P.2d 958.]

Claimant relies on Burger v. Lickliter, Okl., 319 P.2d 594. The award therein can be justified on the ground that the claimant was injured while in an employment incident to the operation of a hazardous business, to-wit, a feed mill.

In Carper v. Brandon, supra, claimant was injured while working with two other workmen building a garage for the employer, the owner of the garage and repair shop. The owner was not in hazardous employment because he had no employee in his garage and operated the same himself. In vacating the award entered for the claimant it is stated:

"The uncontradicted evidence discloses that respondent was engaged in an employment which, under some circumstances, might be covered by the Act, but herein the work performed was so disconnected with the carrying on of the hazardous business of conducting a garage as not to be incidental to the garage business. His work was not carried on for pecuniary gain within the meaning of the Act."

The claimant was not doing anything incident to and connected with hazardous employment as defined by the Workmen's Compensation Act.

The cause is remanded to the State Industrial Commission with directions to vacate the award and dismiss the claim.

WILLIAMS, V. C. J., and WELCH, HALLEY, JOHNSON, BLACKBIRD and JACKSON, JJ., concur.