Troy HAIRREL, Petitioner,

v.

OKLAHOMA STATE INDUSTRIAL COURT
and Preferred Risk Insurance Company of
Fayetteville, Arkansas, Respondents.

No. 40132.

Supreme Court of Oklahoma.

Dec. 20, 1963.

William R. Saied, Oklahoma City, for petitioner.

Fenton, Fenton, Smith & McCaleb, Oklahoma City, for respondents.

BLACKBIRD, Chief Justice.

The petitioner suffered an accidental injury to his right eye on December 11, 1960, while rebuilding a barn blown down by a tornado on a farm occupied by, and belonging to, a farmer named George Lowery. Both the damage to the barn, less $50.00 worth, and lesser damage to Lowery's residence by the same tornado, was covered by an insurance policy issued to him by The Preferred Risk Insurance Company of Fayetteville, Arkansas.

Thereafter, in January, 1961, the petitioner, hereinafter referred to as claimant, filed with the State Industrial Court his claim for compensation, naming said Insurance Company as respondent. Upon trial of said claim before one of said Court's Judges, the Judge entered an award in claimant's favor, against the insurance company, for 100% permanent total disability to the eye, after finding that it was the result of an accidental personal injury, arising out of and in the course of his "hazardous employment with the * * *" insurer. Upon the insurer's appeal to the Industrial Court en banc, said Court entered its order vacating said award; and claimant has brought the present proceeding to review the latter order.

The issue presented here is whether or not claimant was engaged in a hazardous employment with the insurer. The insurer relies upon the fact that claimant's injury

occurred while engaged in the construction or repair of Lowery's farm building, which occupation is specifically excepted from building construction generally, as a hazardous occupation, by a provision of Tit. 85 O.S.1961 § 2. Claimant tacitly concedes that if the construction, upon which he was working at the time of his injury, had been undertaken by the farmer Lowery himself, his work would not have been covered by the Workmen's Compensation Act; but he maintains that, on the basis of the evidence, he was in the employment of the insurer, and therefore that, upon application of the principles enunciated in Denbo v. Roark, 196 Okl. 386, 164 P.2d 977, his occupation was not under the "farm buildings" exception of section 2, supra.

In the cited case, the property owner's insurer exercised the option given it in the wind, fire and tornado policy it had issued him, to repair the building whose damage was covered by the policy, *in lieu of making him a cash settlement for said damage;* and employed the claimant or petitioner, and others, to repair the building. The court there held, in brief substance, that although the rebuilding or repairing of buildings was not the business for which the insurance company was incorporated, or was primarily engaged, when it, *by way of carrying out its insurance contract with the insured,* elected to engage in that business, then such work necessarily became an incident to its business, and brought it within the operation of the Workmen's Compensation Act.

In the present case, it was not stipulated, as in the cited case, that the insurer exercised its option to rebuild Lowery's barn in lieu of paying him for its loss. Here there was evidence to support the conclusion that the insurer's local agent Trent took the initiative in making the arrangements for both the labor and materials to rebuild the barn, after its farmer-owner apprised him of the loss, and after the two, and the insurer's adjustor, had apparently recognized the difficulty in arriving at an accurate money estimate of said loss, before, or without, such rebuilding. But the evidence to show that this was done in lieu of a cash settlement with Lowery, or to carry out a policy obligation it had undertaken to him, rather than merely to accommodate him, as his agent, is wholly lacking. On the contrary, it is undisputed that the insurer did make Lowery a cash settlement by issuing its checks to him in the amount of the cost of the rebuilding, leaving him to pay directly for both the material and the wages of the claimant and other workers used in the project.

As claimant has not demonstrated that the State Industrial Court en banc erred in its apparent view of the evidence, and in holding, in effect, that, on the basis thereof, the subject construction was within the above-mentioned exception of section 2, supra, its order is hereby sustained.

HALLEY, V. C. J., and WELCH, DAVISON, JOHNSON, WILLIAMS, JACKSON and IRWIN, JJ., concur.